STATE *ex rel.* STATE SAVINGS ASSOCIATION, Relator, *v.* DANIEL M. DRAPER, State Auditor, Respondent.

1. *State Savings Association — Act for payment of, vouchers unnecessary.* — The act of March 4, 1869, appropriating a specified sum to pay the amount "due the State Savings Association, of St. Louis, for moneys advanced by said Association to Governor Gamble, September 2, 1862," is conclusive evidence of the indebtedness and its amount; and, under the law, no voucher or other evidence is necessary.

*Petition for mandamus.*

*J. N. Litton*, for relator.

*H. B. Johnson*, Attorney-General, for respondent.

Currier, Judge, delivered the opinion of the court.

This is a petition for a writ of *mandamus* against the State auditor. It shows that by an act of the Legislature passed March 4, 1869, the General Assembly appropriated the sum of " $9,107, with interest at the rate of six per centum," to pay the amount " due the State Savings Association, of St. Louis, for moneys advanced by said association to Governor Gamble, September 2, 1862 ; " that the relator is the party interested in the said appropriation, and the sole owner of the indebtedness therein mentioned ; that he has repeatedly requested the defendant to draw his official warrant in the relator's favor, in accordance with the act of appropriation, and that the defendant neglects and refuses to do so. The petition is demurred to, principally on the ground that it does not show that the relator " ever exhibited to the defendant any voucher or evidence upon which the money appropriated by said act could be paid." The exhibition of such evidence would have been appropriate and natural ; but the law did not make it necessary, or intimate that such evidence was in existence. The Legislature audited and settled the claim, and fixed the exact sum to be paid. The auditor has no discretion in the premises. The act is conclusive evidence of the indebtedness and its amount. The auditor has nothing to do with its propriety or justice. It is his duty, on presentation of the demand by the proper party, to compute the interest and draw his warrant for the aggregate sum, in the usual way, taking an appropriate voucher on delivering the warrant, showing that it was drawn and delivered in satisfaction of the indebtedness specified in the act of appropriation.

The peremptory writ is ordered. The other judges concur.