THE STATE OF FLORIDA ON THE RELATION OF SYDNEY I. WAILES, *Plaintiff in Error*, v. A. C. CROOM, AS COMPTROLLER OF THE STATE OF FLORIDA, *Defendant in Error.*

1. Section 2 of Chapter 1275, Acts of 1861 (being the same as Section 27 p. 200, McClellan's Digest) is one section of said Chapter which is restricted in its scope by the title of the Act which is as follows: "An Act for the relief of Sheriffs and other ministerial Officers" and does not authorize the Comptroller to audit and settle a claim of a party against the State which did not grow out of the discharge of official functions as a Sheriff or other Ministerial Officer.

2. The authority of the legislature over the subject of claims against the State is not abdicated by Section 6 p. 196, McClellan's Digest, and when a party has petitioned the legislature for payment of such a claim, and the legislature enters into an examination of the claim, and by an Act adjusts the claim and fixes the amount which shall be paid, and provides for the payment thereof, the Comptroller cannot be compelled by mandamus to reinvestigate and audit the claim at the instance of the party interested in the claim.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Leon County.

STATEMENT.

The plaintiff in error, Sydney I. Wailes, on the 10th,

day of October, 1910, filed his petition for an alternative writ of mandamus against A. C. Croom as Comptroller of the State of Florida, in the following words and figures:

"To Honorable John W. Malone, the Judge of the Circuit Court for the Second Judicial Circuit of Florida:

The State of Florida, on the relation of Sydney I. Wailes, brings this petition against A. C. Croom as the Comptroller of the State of Florida, and, thereupon petitioner showeth: That the Legislature of the State of Florida, by an Act approved on the 2nd. day of March, 1877, authorized and empowered the Governor of the State of Florida 'to appoint an agent to adjust and settle all claims between the State and the United States Government, growing out of the war with the Seminole Indians in the years 1856 and 1857, as well as other claims that may exist between the two governments.' That by another Act of the Legislature of the State of Florida, approved on the 11th, day of March 1879, the Governor of the State of Florida was 'authorized and empowered to appoint a commissioner with power to proceed to Washington and adjust the claims of the State of Florida against the United States.' A copy of the said Act of the Legislature of the State of Florida, approved March 2nd, 1877, and of Section five of said Act of the Legislature, approved March 11th, 1879, are set out at large in the Exhibit to this Petition attached and called 'Statement of account,' which said 'Statement of Account' is made part of this Petition the same as if fully set out herein.

That under and by virture of the aforesaid Laws of the State of Florida, George F. Drew, who was then the Governor of the State of Florida, on the 16th day of July, 1879, constituted and appointed Sydney I. Wailes 'Agent for the State of Florida to represent the said State of

Florida before the Department of the General Government at Washington City, and to ask, demand and receive of the Government of the United States, any and all sums of money due the State of Florida for expenses incurred by said State on account of Indian hostilities in said State from the year 1849 to the year 1856 inclusive,' and for the work to be done and services to be performed by said Sydney I. Wailes, under his appointment as agent for the State of Florida, he was to receive 'as compensation for performing the above work, fifteen per cent of all sums collected from the General Government upon such Indian War claims, and to defray all expenses incurred in the prosecution of the same.' That under and by virtue of a resolution passed, by Governor George F. Drew and. his Cabinet, on the 9th day of August, 1879, the foregoing appointment was amended so as to include in the said appointment the year 1857. A copy of both the said appointment, and the said resolution of the Governor and his Cabinet are set out at large in the Exhibit to this Petition attached and called 'Statement of Account,' which said 'Statement of Account' is made part of this petition the same as if fully set out herein. And from the said year 1879 to the year 1901 every Governor of the State of Florida recognized, acquiesced in and endorsed the appointment of petitioner as such Agent for the State of Florida to perform the services hereinbefore mentioned, and no question as to the right or authority of petitioner to so represent said State of Florida and to perform the services before mentioned was raised during the period of time before mentioned. And, from time to time, during the period of time from 1879 to 1901, petitioner made reports to the different Governors of Florida touching and concerning the matters entrusted to him as said Agent for said State of Florida, setting out in his said reports to

the said Governors what had been done with said matters so entrusted to him.

That said Sydney I. Wailes accepted the aforesaid appointment as 'Agent for the State of Florida' and, immediately after having received the said appointment, he began work thereunder, and he employed a force of clerks and other assistants, and he devoted himself assiduously to the said work, and he finally succeeded in having the claims or accounts between the State of Florida and the General Government of the United States on account of the said Indian hostilities in said State of Florida from the year 1849 to the year 1857 inclusive, duly audited, determined and settled by the Treasury Department of the United States Government under the date of December 16th, 1889, as is fully shown by Executive Document Number Sixty-Eight, Fifty-First Congress, House of Representatives, First Session. A copy of which said Executive Document No. 68 is set out at large in the Exhibit to this petition attached and called 'Statement of Account,' which said 'Statement of Account' is made part of this petition the same as if fully set out herein. That when petitioner had succeeded in having the said claims or accounts between the State of Florida and the General Government of the United States, on account of Indian hostilities in said State of Florida from the year 1849 to the year 1857 inclusive, determined and settled he had done all that he had contracted to do or that he could do or perform under his said appointment as Agent for the State of Florida, and there remained nothing further that he could do or perform under the said appointment as Agent for the State of Florida, and that the only thing that remained to be done after he had succeeded in *getting* audited, determined and settled the aforesaid claims or accounts between the State of Florida and the General

Government of the United States was the passage of a bill by the Congress of the General Government of the United States making an appropriation to pay to the State of Florida the money found to be due said State under the said audited, determined and settled account aforesaid. Yet though petitioner had done every thing that he had contracted or been appointed to do, he remained in the City of Washington, giving to the Florida delegation in Congress the benefit of his long experience in matters of legislation with reference to the presentation of like matters to Committees of Congress, the drafting of bills and appropriate amendments and other like matters, looking to the final passage of appropriate legislation carrying into effect the Statement of account made by the Secretary of the Treasury, and the appropriation of the necessary funds to pay the State of Florida the large amount of money found to be due said State, and, on account of petitioner's wide acquaintance with Representatives and Senators in Congress, his said services so rendered were very valuable to the said Florida delegation in Congress in the manner so stated.

That the Congress of the United States accepted the determined, audited and settled accounts between the General Government of the United States and the State of Florida, on account of Indian hostilities in said State of Florida, from the year 1849 to the year 1857 inclusive as stated by the Treasury Department of the United States in Executive Document No. 68, which said determined, audited and settled accounts were procured through the perseverance, labor and skill of petitioner; and by an Act of Congress of May 27th, 1902, the Treasury Department of the United States was authorized to settle the mutual account heretofore stated between the United States and the State of Florida, under the au-

thority of an Act of Congress, according to the mode of settling the same, found near the foot note at the third page of the letter of the Secretary (of the Treasury) sub-mitting his report dated December 16th, 1889, published as Executive Document Number Sixty-eight, Fifty-first Congress, First Session, by continuing the computation of interest to the date of settlement, and ascertaining the balance due the said State. And the State of Florida received by virtue of the aforesaid Act of Congress, the sum of One Million, Eighty-nine Thousand, One Hundred and Fifty-eight Dollars and Sixty-six Cents ($1,089,158.-66) in cash and in securities of the State held by the Gen-eral Government of the United States, on account of said Indian Hostilities in said State of Florida from the year 1849 to the year 1857 inclusive. And, thereupon, and be-cause of the receipt by the State of Florida of the said sum of $1,089,158.66 from the General Government of the United States on account of Indian hostilities in the State of Florida from the year 1849 to the year 1857 in-clusive, the State of Florida became indebted to Petitioner in the sum of $163,373.80 which is 15 per cent of the sum so received by the State of Florida as aforesaid.

That although the State of Florida has received from the General Government of the United States the said sum of $1,089,158.66 on account of Indian hostilities in said State of Florida from the year A. D. 1849 to the year 1857 inclusive, the receipt of which said sum of money was procured by petitioner in getting the claims or ac-counts between the State of Florida and the General Gov-ernment of the United States on account of said Indian hostilities duly audited, determined and settled by the Treasury Department of the United States, petitioner has not received or been paid fifteen per cent of the said sum of money so received by the State of Florida from the

General Government of the United States on account of the Indian hostilities in said State of Florida from the year 1849 to the year 1857 inclusive, nor any other sum or sums of money for or on account thereof, and there now remains due and unpaid to petitioner by the State of Florida the sum of $163,373.80, which is fifteen per cent. of the said sum of money so received by the State of Florida from the General Government of the United States, on account of Indian hostilities in the State of Florida from the year 1849 to the year 1857 inclusive, with interest thereon at the legal rate from the 19th day of December, 1902.

That on the 14th day of September, 1910, petitioner duly made out his account against the State of Florida for the money due to him for his services as Agent for the State of Florida, under his appointment as Agent for the State of Florida, in having audited, determined and settled the claims or accounts between the State of Florida and the General Government of the United States on account of Indian hostilities in the said State of Florida from the year 1849 to the year 1857 inclusive, and he, in person, presented his said account against the said State of Florida, for his services as aforesaid, to A. C. Croom, who is, and was on that date, the Comptroller of the State of Florida, and he requested the said Comptroller of the State of Florida to examine, audit and settle his said account against the State of Florida, but the said Comptroller refused to receive said account of petitioner, and the said Comptroller refused to examine, audit and settle petitioner's said account, although he, the said Comptroller, is required to do so by the Laws of the State of Florida. That a copy of the account made out and presented to the Comptroller on the 14th day of September, 1910, with all the exhibits thereto appended and which

were thereto appended at the time of such presentation and demand, is attached to this petition and marked 'Statement of Account' and is, with all exhibits thereto appended, made part of this petition.

By means whereof, and on account of the refusal of the said A. C. Croom as the Comptroller of the State of Florida, to examine, audit and settle the claim and account of petitioner against the State of Florida, petitioner is denied his right under the Laws of the State of Florida to have his said claim against the State of Florida examined, audited and settled, and is, thereby, prevented from receiving his just compensation for his services, so rendered as aforesaid, to which compensation he is justly entitled.

WHEREFORE, petitioner prays that a Writ of Mandamus may issue, directed to said A. C. Croom as the Comptroller of the State of Florida, commanding him, forthwith, to examine, audit and settle the said claim and account of petitioner so arising under the Laws of the State of Florida, as by Statute in such case it is made and provided; and that such further order may be made in the premises as justice may require.

Clark & Fielding,
Attorneys for Petitioner.

State of Florida,
County of Duval.

Personally appeared before the undersigned authority, Sydney I. Wailes, who, being duly sworn, says that he is the relator in the above and foregoing petition for mandamus; that he is acquainted with the contents of said petition and with all the maters and things therein set forth and alleged, and that such things and matters are of his own knowledge true as therein set forth.

Sydney I. Wailes.

Sworn to and subscribed before me this the 21st day of September, A. D. 1910.

Alexander Ray.

(Notarial Seal)      Notary Public, State of Florida at Large.

My Commission Expires Feb. 6th, 1913.

To this petition is appended as a part thereof a statement of account which is in accordance with the statement of the petition, and an affidavit of Wailes setting forth the service rendered by him.

The following Exhibits, A, B, and C, are attached to the petition as parts of it.

"EXHIBIT '<em>A</em>.'

Chapter 3030—(No. 54).

An Act to provide for the settlement of claims between the State of Florida and the United States.

The people of the State of Florida, represented in the Senate and Assembly do enact as follows:

Section 1.    That the Governor is hereby authorized and empowered to appoint an Agent to adjust and settle all claims between the State and the United States Government, growing out of the war with the Seminole Indians in the years 1856 and 1857, as well as other claims that may exist between the two Governments.

Section 2.    The expenses of such agent shall be paid out of the amount appropriated for contingent expenses of the State, and shall not exceed the sum of Eight Hundred Dollars.

Section 3.    Such agent shall report to the Legislature at its next regular session.

Approved March 2nd, 1877.

EXHIBIT B.

Chapter 3113—(No. 15).

An Act to provide for the examination and settlement of claims against the State of Florida for services rendered during the last Seminole Indian War, and for the settlement of claims of the State of Florida against the United States.

The people of the State of Florida represented in Senate and Assembly, do enact as follows:

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Section 5.  That the Governor is hereby authorized and empowered to appoint a Commissioner with power to proceed to Washington and to adjust the claims of the State of Florida against the United States; and the money paid by the United States, or so much thereof as may be necessary for that purpose, shall be and are hereby appropriated for the payment of the Certificate issued as aforesaid, and to defray the expenses of the said Board of Commissioners; and the sum of Two Thousand Dollars, or so much thereof as may be necessary, from any moneys in the State Treasury not otherwise appropriated, is hereby appropriated to defray the expenses of said Commissioner to Washington, and the incidental expenses of the said Commissioner.

EXHIBIT C.

CONTRACT WITH GOVERNOR DREW.

State of Florida,
Executive Department.

Know all men by these presents, That I, George F. Drew, Governor of the State of Florida, reposing especial

trust and confidence in the ability, fidelity and prudence of Sydney I. Wailes, do hereby constitute and appoint the said Sydney I. Wailes Agent for the State of Florida to represent the said State of Florida before the Department of the General Government at Washington City, and to ask, demand and receive of the Government of the United States any and all sums of money due the said State of Florida for expenses incurred by said State on account of Indian Hostilities in said State from the year 1849 to the year 1856 inclusive.

The said Wailes to receive as compensation for performing the above work, fifteen per cent of all sums collected from the general Government upon such Indian War Claims and to defray all expenses incurred in the prosecution of the same.

> In Testimony Whereof I have hereunto set my hand and caused the Great Seal of the State to be attached this Sixteenth day of
(SEAL)   July, A. D. 1879.
> (Signed)   George F. Drew, Governor.
By Attest:
W. D. Bloxham, Secretary State."

Other exhibits are attached, being copies of documents and proceedings in the Treasury Department of the United States relating to the investigation and settlement between the State of Florida and the United States Government of claims of the State against the Government of the United States growing out of the Indian Wars in Florida in the years 1856 and 1857. There are also attached to the petition a letter from Governor Perry, and one from Governor Fleming, which are as follows:

"EXHIBIT E.

LETTER OF GOVERNOR PERRY.

Wailes' Commission.

State of Florida, Executive Office.

Tallahassee, August 28th, 1888.

Hon. William C. Endicott,
    Secretary of War, Washington, D. C.

Sir:—

.Under date of July 16th, 1879, George F. Drew, then Governor of the State of Florida, issued a commission to S. I. Wailes, of Washington City, in the following form: 'Know all men by these presents that I, George F. Drew, Governor of the State of Florida, reposing especial trust and confidence in the ability, fidelity and prudence of Sydney I. Wailes, do hereby constitute and appoint the said Sydney I. Wailes, Agent for the State of Florida, before the Departments at Washington City, and to ask and demand and receive of the Government of the United States any and all sums of money due the said State of Florida for expenses incurred by said State on account of Indian Hostilities in said State from the year 1849 to the year 1856 inclusive.

The said Wailes to receive as compensation for performing the above work fifteen per cent of the sums collected from the General Government upon such Indian War Claims and to defray all expenses incurred in the prosecution of the same.

In Testimony Whereof, I have hereunto set (SEAL)   my hand and caused the Great Seal of the

State of Florida.to be attached, this 16th day of July, A. D. 1879.

George E. Drew, Governor.

Attest:   W. D. Bloxham, Secretary State.

I hereby certify that said appointment or commission has not been revoked or cancelled, and I would therefore request you to allow the said Wailes access to whatever papers in your Department it may be necessary for him to examine and to give him permission to file such papers as may be needful and proper in the settlement of said claims.

In Testimony Whereof, I have hereunto set my hand and caused the Great Seal of the State of Florida to be hereunto affixed. Done (SEAL)   at the Capital, this the 28th day of August, A. D. 1888.

(Signed)   E. A. Perry, Governor.

By the Governor—Attest:

John L. Crawford, Secretary State.


Exhibit F.


Letter of Governor Fleming.


State of Florida, Executive Office.


Tallahassee, March 28, 1889.

Hon. William Windom,

   Secretary of the Treasury,

   Washington, D. C.

Sir :—

By the 5th section of the Deficiency Bill, approved March 2nd, 1889, provision is made for the examination

by the Treasury Department of the claim of the State of Florida, as reported in the letter of the Secretary of War, dated May 22, 1882, and a report thereon to the next regular session of Congress, and in connection therewith a report of the amount of all claims in favor of the General Government against the State of Florida, and the Statement of an account between the General Government and said State.

. As in that examination evidence may be required, and, possibly, some now in the files of this State, I hereby respectfully request that permission be given Mr. S. I. Wailes, the Agent of this State upon this claim, to file such papers and evidence as may be necessary, and to do all other necessary acts required, by your Department, of this State in said examination.

Hoping that it may suit your convenience to enter upon this examination at an early day, I remain,

Respectfully your obedient servant,

(Signed)    Francis P. Fleming,

Governor of Florida."

A letter from petitioner to Governor Fleming and one to Governor Mitchell are also attached to the petition, setting forth what had been done before the Departments and Congress, in regard to the claims of the State.

The following statutes of the State of Florida and extracts from the Legislative Journals are also involved in the consideration of this case:

"Chapter 1,275—(No. 18.).

An Act for the relief of Sheriffs and other ministerial officers of the Court.

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Florida in General Assembly convened,* That the Comptroller of Public Accounts be and he is hereby authorized to credit Sheriffs and other ministerial officers of the Court against whom charges for the non-collection of fines or forfeitures has hitherto or may hereafter be made, upon the certificate of the Judge of the Circuit Court under seal of the county in which said Sheriff or other ministerial officer may reside, that the party or parties upon whom said fines were or are imposed, or against whom said forfeitures are rendered, were and are totally insolvent.

Section 2. *Be it further enacted,* That any citizen shall have the right to appeal from the decision of the Comptroller to a Circuit Court Judge at Chambers or in Term Time, and said Court, after notice to the Comptroller and full hearing on the evidence, shall give such decree as equity and justice demands, and the said Comptroller shall issue his warrant on said decree.

Passed the House of Representatives December 7, 1861. Passed the Senate Dec. 12, 1861. Approved by the Governor December 14, 1861."

"Tallahassee, Florida, April 13, 1903.

*To the Honorable Members of the Senate of the State of Florida:*

GENTLEMEN:

Your petitioners, S. I. Wailes and Mrs. L. G. Beard (for the estate of W. K. Beard), beg leave to present this their petition to your Honorable Body for such relief as they are entitled to receive under the S. I. Wailes contract for commissions due on the money recently paid by the United States to the State of Florida in the settlement of the

Indian War Claims of this State; and they respectfully ask that payment for services rendered in the interest of said claim may be authorized by bill or otherwise. Attached to this petition is a statement of facts showing work done and monies expended as provided for in said contract, the original of which will be submitted to any committee to which your Honorable Body refers this petition.

And your petitioners will ever pray.

Wailes & Beard,<br>By S. S. Wailes."

"Chapter 5334—(No. 229)—Acts of 1903.

An Act for the Relief of S. I. Wailes and the estate of W. K. Beard, deceased, and in Full Settlement of any Claims which the said S. I. Wailes and the Estate of W. K. Beard, deceased, may have against the State of Florida.

Whereas, S. I. Wailes and L. G. Beard, representing the estate of W. K. Beard, deceased, claim that the State of Florida is indebted to them in a large sum of money for services rendered by the said S. I. Wailes and the said W. K. Beard, in securing the settlement of the claim of the State of Florida against the United States for expenses incurred in suppressing Indian Hostilities in the years 1849 and 1857, inclusive, and,

Whereas, After full investigation we find the sum of twenty-five thousand dollars ($25,000.00), is full and just compensation for any and all services which may have been rendered to the State of Florida by the said S. I. Wailes and W. K. Beard, deceased, therefore,

*Be it enacted by the Legislature of the State of Florida:*

Section 1.   That the Comptroller be and he is hereby directed to draw two warrants upon the treasurer, payable out of the Indian War Claims Fund now in his hands, in full and final settlement of any and all claims which the said S. I. Wailes and the said L. G. Beard, representing estate of W. K. Beard, deceased, may have against the State of Florida.   The said two warrants aggregating the sum of twenty-five thousand dollars, ($25,000.00), and that the treasurer be and he is hereby directed to pay the same; one of said warrants shall be made to S. I. Wailes, and one to Mrs. L. G. Beard, representing the estate of W. K. Beard, deceased, for such sums, respectively, as may be determined between them by agreement, arbitration, litigation or otherwise.   The said warrants shall be delivered to S. I. Wailes and Mrs. L. G. Beard upon the presentation of receipts in full against the State of Florida, from S. I. Wailes, W. E. Wailes and the legal representatives of the estate of W. K. Beard.

Section 2.   This Act shall take effect immediately upon its approval by the Governor, or upon its becoming law without his approval.

Approved June 13, 1903."

This petition was presented to the Judge of the Second Judicial Circuit, and the application for the alternative writ was denied.   From this judgment a writ of error was sued out.

*Clark* & *Fielding,* for Plaintiff in Error;

*Park Trammell,* Attorney General for Defendant in Error.

PER CURIAM., (*after stating the facts.*)—The contention here is that Section 2 of Chapter 1275 of the Acts of 1861 (being the same as Section 27 p. 200 McClellan's Digest) and Section 1 and 2 of the Act of 1848 embraced in Section 6 p. 196 of McClellan's Digest, were in force at the time that Governor Drew made his alleged contract with plaintiff in error; that they became a part of his contract "and that under Section 27 of McClellan's Digest he has a remedy by which if the Comptroller does not examine, audit and settle his account satisfactorily, he may go into court and have such decree as equity and justice demands."

It will be observed, however, that the title of Chapter 1275 is a restrictive one. It is entitled "An Act for the relief of Sheriffs and Other Ministerial Officers." The first section authorizes the Comptroller to credit sheriffs and other ministerial officers with certain uncollected fines and forfeitures, and the second section gives any citizen a right of appeal from the decision of the Comptroller to a Circuit Judge who is empowered to hear evidence and give such decree as equity and justice demands, and the Comptroller is required to issue his warrant on said decree. To bring the second section within the purview of the title and thus get at the intention of the Legislature we think that the said section can not be held to include any other citizen than those mentioned in said title and in said first section, and said act has no reference to such a claim as that of plaintiff in error. Moreover this act was adopted before the constitution of 1868 was adopted. In this constitution the duties and powers of the Comptroller are not so extended as they were in the laws existing previous thereto as to settling claims and drawing his warrants therefor. See Section 16, Article 5, and Section 4, Article 8, Constitution of

1868. We therefore are unable to give to Section 2, Chapter 1275, the application which the plaintiff in error contends for.

The other statute law referred to, viz, Section 6, p. 196 McClellan's Digest, when narrowed down by the application to it of the constitutional provisions we have referred to, at most makes it the duty of the Comptroller to audit claims and accounts against the State. But this statute, so far as we are informed, does not abdicate the general jurisdiction and authority of the Legislature over the question of claims against the State. It appears from the Senate Journal of the session of the legislature of 1903, p. 48, that the petition of Wailes and Beard which is copied in the Statement, was introduced in the Senate by Mr. Crill, Senator from the 26th District. The Journal shows that when said petition was presented it was referred to a committee; that the committee heard the testimony of Wailes and others, and went into an extensive investigation of this claim; that it is the same claim as the one before us; that there were majority and minority reports upon it. The Journal of the House of Representatives shows similar proceedings. The result, whether equitable and just is not for us to judge, was the passage of Chapter 5334 Laws of 1903, which is copied in the foregoing statement. The preamble alleges there was a full investigation, and fixes what is alleged to be just compensation, and directs the Comptroller to draw two warrants upon the Treasurer in full and final settlement of said claim. We have no doubt that under the circumstances the Legislature had authority and power to adjust and settle this claim, and that having done so, the Comptroller was not authorized to entertain the petition of Wailes. DeGroot v. United States, 5 Wall. (U. S.) 419, text 432,433; Julian v. State 122 Ind. 68 text 78,

23 N. E. Rep. 690; Danley v. Whitley, 14 Ark. 687; State *ex rel.* State Savings Association v. Draper, 44 Mo. 245; State ex rel. Sayre v. Moore, 40 Neb. 854, text 860, 861.

The judgment refusing an alternative writ and dismissing the 'petition is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

WHITFIELD, C. J., not participating.