# North Alabama Traction Co. *v.* Daniel.

### *Injury to Passenger.*

(Decided Nov. 30, 1911.   57 South. 120.)

1. *Pleading; Loss; Substitution of Record.*—Sec. 5737, Code 1907, authorizes the use of the record in lieu of pleading which is lost.

2. *Deposition; Introduction of Part.*—Where a plaintiff takes depositions as authorized by section 4049, Code 1907, the plaintiff cannot, over defendant's objection, introduce a part only of the deposition, since under section 4056, Code 1907, plaintiff has the burden of contradicting the objectionable portions thereof.

3. *Same.*—The error in permitting plaintiff to introduce a part only of the depositions was not cured by the fact that plaintiff stated that he had no objection to the introduction of the balance by the defendant, nor because certain of defendant's witnesses swore to substantially the same facts, as were contained in the excluded portions; in this instance, however, the defendant was not prejudiced as the excluded portions were substantially embraced in defendant's answer to an interrogatory in the part of the deposition introduced.

4. *Appeal and Error; Harmless Error; Evidence.*—Where a witness answered, and his answer remained in evidence, error in sustaining an objection to the question was harmless.

5. *Carriers; Passengers; Carrying Past Destination; Evidence.*—Where the action was against the carrier for carrying a passenger

[North- Alabama Traction Co. v. Daniel.]

beyond destination, conversations between the passenger and the conductor and motorman tending to show aggravation of the wrong and bearing on plaintiff's right to recover punitive damages was admissible.

6. *Same; Instructions.*—In an action against a carrier for carrying a passenger beyond destination based on a failure or refusal of the servants of the defendant to stop the car and allow plaintiff to get off at his destination, and allowing him wrongfully to alight at a different and distant place, a charge that defendant could not take advantage of its own wrong by inducing a passenger by misrepresentation to alight and then declare a severance of his relation as a passenger in order to avoid liability was not improper.

7. *Same.*—A charge that if plaintiff left the car at the barn and started to walk home, he ceased to be a passenger, and defendant owed him no further duty, and that the plaintiff ceased to be a passenger when he got on the sidewalk whether he left the car voluntarily or not, were properly refused, as it was immaterial to the question whether defendant committed a breach of duty in failing to discharge plaintiff at his destination, and in wrongfully putting him off at another place.

8. *Same; Damages; Excessiveness.*—The evidence in this case stated and examined and it is held that a judgment awarding plaintiff $1,000 as damages was not excessive.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Daniels against the North Alabama Traction Company for damages for carrying him past his destination. Judgment for plaintiff in the sum of $1,000, and defendant appeals. Affirmed.

The charges refused to defendant are as follows: (4) "If you believe from the evidence that plaintiff left the car at the barn and started to walk home, he then ceased to be a passenger of the defendant, and the defendant then owed him no further duty." (11) "The plaintiff ceased to be a passenger when he got upon the sidewalk, if you believe from the evidence he did, whether he left the car voluntarily or not."

For the other facts in the case, see former appeal in 158 Ala. 414, 48 South. 50.

JOHN C. EYSTER, for appellant. The defendant had no notice of the intention or motion to substitute the lost

pleading.—Secs. 5739, 5740, Code 1907. The court was in error in permitting plaintiff to introduce only a portion of the deposition taken by him.—Sec. 4053, Code 1907; *So. Ry. v. Hubbard,* 116 Ala. 338; *Saltmarsh v. Bower,* 22 Ala. 221; *Croker v. Clements,* 23 Ala. 296; *Crymus v. White,* 37 Ala. 549. Under the facts in this case the relation of passenger ceased when the passenger got upon the sidewalk.—51 L. R. A. 885; 17 Ohio Cir. 562; 47 App. Div. N. Y.; 92 Ga. 132; 29 S. W. 455; 28 S. E. 1000; 16 L. R. A. 490. Under these authorities, the charges requested should have been given. The verdict was excessive.—*Richardson v. Bir. Cot. Co.,* 116 Ala. 381; *A. G. S. Burgess,* 119 Ala. 555; *Bessemer L. Co. v. Jenkins,* 111 Ala. 135; *Ward v. Birmingham,* 124 Ala. 409; *C. of G. v. Morgan,* 49 South. 865; *So. Ry. v. Crowder,* 130 Ala. 265.

CALLAHAN & HARRIS, for appellee. Most of the errors assigned have been decided adversely to the appellant on former appeal.—*N. Ala. T. Co. v. Daniel,* 48 South. 50; *B. R. & E. Co. v. Baird,* 130 Ala. 334. If the court erred relative to the depositions, it was without injury, since the matters omitted were fully covered by the depositions introduced.—5 Mayf. 40; *So. Ry. v. Arnold,* 50 South. 293; *Brown v. The State,* 137 Ala. 99; *Elmore v. The State,* 138 Ala. 50. The relation of passenger and carrier had not ceased and the charges requested by appellant were properly refused.—*Milton v. B. R., L. & P. Co.,* 153 Ala. 95. The verdict was not excessive, and the court properly refused to set it aside on those grounds.— *Nat. S. Co. v. Mabry,* 35 South. 698; *C. of G. v. Brown,* 51 South. 565; *N. Ala. T. Co. v. Daniel, supra.*

DE GRAFFENRIED, J.—1. The appellee, when this case was tried, was permitted to use the record of the

[North Alabama Traction Co. v. Daniel.]

complaint in lieu of the complaint, because the complaint, when the trial was had, was lost. This was permissible under section 5737 of the present Code, and the action of the court below in permitting appellee to use the record of the complaint in lieu of the lost complaint, being authorized by statute, was without error.

2. The appellee, under the provisions of section 4049, took the deposition of appellant. When the trial was had, he moved the court to exclude certain portions of said deposition, and the court, against the objection of appellant, granted the motion. Thereupon the court, against the objection of appellant, permitted the appellee to introduce said deposition in evidence without introducing said excluded portions, to which action of the court the appellant duly excepted. In permitting appellee to introduce a part of said deposition without introducing the whole of it, the trial court was in error.— *Birmingham R. L. & P. Co. v. Oden,* 164 Ala. 1, 51 South. 240; *Sullivan Timber Co. v. L. & N. R. R. Co.,* 163 Ala. 125, 50 South. 941; *Prestwood v. Carleton,* 162 Ala. 327, 50 South. 259.

This is an error for which this judgment would be reversed, but for the fact that we are of the opinion that the excluded parts of the deposition were not material to the real inquiry in the case and that the error was without injury to appellant. When appellee introduced the deposition, he should have introduced all of it which was in any way pertinent to any issue in the cause. Having elected to use the deposition as a part of his testimony, appellant had the right to demand that appellee introduce all of it as *his* testimony, thus subjecting it to such presumptions as the law would thereby impress upon it because of its introduction by appellee as a part of his testimony. While, under the provisions of section 4056 of the Code, the appellee could have *contradicted*

such excluded portions, the refusal of the trial court to require the introduction of the deposition, as a whole, relieved the appellee of that burden.

We do not think that the mere fact that appellee, after he had introduced so much of the deposition as he saw fit, stated that he had no objection to the introduction by appellant of the balance of the deposition, in any way cured the error into which he had led the court. The introduction, by appellant, of the remaining parts of the deposition, would have robbed them of those efficient presumptions in appellant's favor to which they were entitled as a *part* of the evidence of his adversary. Neither are we of the opinion that because certain witnesses of appellant swore to substantially the same facts, on their examination by appellant as witnesses, as were contained in the excluded portions of the deposition, cured the error. To announce a rule and then to point out a method of practically evading the rule is but to destroy the efficiency of the rule, and we do not think that the rule announced in *Railway Company v. Arnold,* 162 Ala. 570, 50 South. 293, has any applicability to the question here presented.

We are, however, of the opinion that the appellant suffered no injury because of the erroneous action of the trial court in excluding the parts of the deposition to which exceptions were taken, and that therefore, while there was error, it was not such error as should result, on that account, in the reversal of the judgment in this case. The gravamen of the complaint was that appellant wrongfully carried appellee on one of its street cars, against his consent, for a long distance beyond his home, mistreated and insulted him, and then ejected him from its car and forced him to walk back home. The tendency of appellee's evidence was that he signaled appellant's servants to stop the car, on which he was a passenger, on

Fourth avenue, a point near his home, while the tendency of appellant's evidence was that the signal was given too late for the car to be stopped at *that* point, but was given in time for the stoppage of the car at the *next* street crossing, a point *equally near* appellee's home, but that appellee agreed that he would remain on the car until it went to the end of the line and returned to Fourth avenue. It is evident that, in the absence of the above-mentioned alleged agreement on the part of appellee to remain on the car, if the car had, in fact, stopped at either of the places above mentioned and appellee had been given an opportunity to alight therefrom, he would have suffered no substantial damages, and this suit would not have been brought. The excluded portions of the deposition, as above stated, tended to show that the reason why the car was not stopped at either of the above-named places was because appellee agreed that he would remain on the car until it had gone to the end of the line and had returned, and the deposition as introduced without the excluded portions tended to show this identical same reason for the failure of the car to stop. The evidence showed, without dispute, that the car did not stop at *either* place, and the excluded portions of the deposition simply tended to show appellant's excuse for not stopping the car. The appellant's answer to the seventh interrogatory expressly says that: "Plaintiff was carried to the end of defendant's line, at his own request, after his refusal to get off opposite the photograph gallery upon the notification of the motorman that he would stop there to let him off. This, as stated, was in the same block of plaintiff's residence, and before the car reached the Somerville Road. Plaintiff went to the end of defendant's line in East Decatur of his own volition, after being notified by the motorman that he could get off at the photograph gallery." As appellant received

all the substantial benefits to be derived by him by the admission of the excluded portions of the deposition from its answers to the seventh interrogatory, which remained in the deposition and formed a part of it when introduced, it is manifest that appellant was not in fact injured by this erroneous action of the trial court.—2 Mayfield's Dig. p. 177, § 871.

We have given this subject a full discussion because we think that the rule which the court violated in this instance is an important rule and that it should be preserved in its full efficiency by all the courts.

3. The fifth and sixth assignments of error are predicated on the rulings of the court in refusing to exclude the conversations between the plaintiff and the conductor and motorman. This evidence tended to show aggravation of the wrong complained of, and hence was relevant to the issues under the pleading. This was ruled in principle in passing upon the pleadings when the case was in the Supreme Court on former appeal.—158 Ala. 414, 48 South. 50.

4. The action of the court in sustaining the plaintiff's objection to the question asked the witness Davis, "Did he give that signal in time to stop the car at Fourth avenue crossing?" resulted in no possible injury, even if error, for the reason that the witness answered the question and his answer remained in evidence.

5. The gravamen of the complaint was the failure and refusal of defendant's servants to stop the car and allow the plaintiff to get off at his destination, and in wrongfully causing him to get off at a different and distant place. Other matters averred in the complaint were but in aggravation of the wrong complained of. While charge 10 given at the request of the plaintiff might have well been refused, as being calculated to mislead, still the giving of it does not constitute reversible error. The

[North Alabama Traction Co. v. Daniel.]

charge in effect, when referred to the evidence, asserts nothing more than that the defendant cannot take advantage of its own wrong in inducing a passenger by misrepresentations to get off of its car and then declare a severance of its relations with him as a passenger, in order to avoid liability.

6. Assignments of error 10 and 13 based on refused charges 4 and 11 are grouped and insisted on in briefs. Both of these charges were properly refused. So far as the wrong relied on for a recovery, viz., the failure to discharge the plaintiff at his destination and wrongfully putting him off at another place, is concerned, whether the plaintiff was a passenger vel non after he left the car was foreign to the issues under the pleading, and the charges were calculated to mislead the jury.

7. It is insisted that the court erred in not granting defendant's motion for a new trial because of excessive damages assessed by the jury. If the jury believed the plaintiff's evidence, and it would seem that they did from the verdict returned, there were grounds for the assessment of exemplary damages. This is a second finding by a jury in this case. The second verdict is much smaller than the first, which the Supreme Court on former appeal said was excessive and we are not willing, under all the circumstances, to say that this last verdict was excessive, and therefore decline to hold the trial court in error for refusing the motion for a new trial.

8. There are other assignments of error on the record, but, as they are not insisted on in brief, we will not consider them. All assignments insisted on having been considered by the court, and no reversible error appearing, the judgment appealed from is affirmed.

Affirmed.