State *ex rel.* Rhodes v. Goodson *et al.*—Opinion of Court.

---

THE STATE OF FLORIDA *ex rel.* L. S. RHODES, *Plaintiff in Error,* v. NOAH GOODSON *et al.,* COUNTY COMMISSIONERS OF LIBERTY COUNTY, FLORIDA, *Defendants in Error.*

Opinion Filed May 27, 1913.

1. In mandamus, as well as in other actions at law, there must be a final judgment before a writ of error will lie to review the proceedings.

2. An order merely denying or refusing an alternative writ of mandamus is not a final judgment. In order to constitute a final judgment the court should not only refuse the writ but to proceed to pronounce judgment on the merits and dismiss the petition.

Writ of error to the Circuit Court of Liberty County.

Writ of error dismissed.

*Adams & Rowe,* for Plaintiff in Error;

*Avery & Price,* for Defendants in Error.

SHACKLEFORD, C. J.—A petition was filed by the plaintiff in error for an alternative writ of mandamus against

the defendants in error to compel them to assemble as the Board of County Commissioners, "within such time as the court may deem proper, at their office at Bristol, Liberty County, Florida, and grant unto your petitioner a permit to sell liquors, wines and beer in election district No. 4, of Liberty County, Florida," in compliance with a petition previously filed, or to show cause why they have failed and refused to grant such permit. Upon the presentation of such petition, the court made the following order:

"Upon reading and considering the foregoing petition for an alternative writ of mandamus, it is ordered that the prayer of said petition be and the same is hereby refused and denied.

Done and ordered, in vacation, this 12th day of February, A. D. 1913."

The plaintiff in error seeks to have this order reviewed by writ of error. Right at the outset we find ourselves confronted with the question as to whether or not this order is of such a nature as to constitute a final judgment so as to support a writ of error, the defendants in error contending that it is not. As we held in Carter v. Warnock, 57 Fla. 49, 49 South. Rep. 186, "In mandamus, as well as in other actions at law, there must be a final judgment before writ of error will lie to review the proceedings." The decided weight of authority seems to be to the effect that an order denying or refusing an alternative writ of mandamus is not a final judgment. See 26 Cyc. 503, and 1 Black on Judgments (2nd Ed.), Sec. 32, and cases cited in the notes. Where the alternative writ is not only refused, but the court proceeds to pronounce judgment on the merits and dismisses the case this constitutes a final judgment which may be reviewed by writ of error. See 2 Spelling on Injunctions, etc.

(2nd Ed.), Sec. 1711, and State *ex rel.* Morgan v. Hard, 25 Min. 460. In State *ex rel.* Wailes v. Croom, 62 Fla. 284, 57 South. Rep. 420, the ruling of the trial court was as follows:

"This cause was heard upon the petition of the plaintiff for an alternative writ of mandamus and upon consideration it was ordered that said writ be and the same is hereby refused, and that said petition be dismissed."

We treated this as a final judgment, but the difference between the ruling in that case and the order in the instant case is obvious. It follows that the writ of error must be dismissed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.