MATHEWS, Justice.
This is a petition for writ of certiorari, seeking to review an order denying the prayer of a petition in the Court below against the Sheriff of Suwannee County, as respondent, praying for an alternative writ of mandamus commanding the sheriff to permit him to visit forthwith one Ruby McCollum in the jail of Suwannee County, Florida, and discuss with her the case of the State of Florida v. Ruby McCollum, or to show cause, if he can, why petitioner should not be permitted to visit the said Ruby McCollum in the jail of Suwannee County, Florida, and discuss with her the said case. The prayer of the petition was denied by the Circuit Judge.
It was alleged in the petition for mandamus that the petitioner is the author and writer of books and articles for newspapers and magazines and that he is under contract with Duell, Sloan & Pearce, publishers, 124 East 30th Street, New York City, to write a complete story of the life and the killing of one Doctor C. L. Adams, Jr., of Live Oak, Florida, by one Ruby McCollum on August 3, 1952. He further alleged that Ruby McCollum was indicted and tried for the murder of Doctor Adams, convicted by a jury of murder in the first degree and adjudged guilty of murder in the first degree and sentenced by the Court to be electrocuted. The judgment of the Court, based upon the verdict of guilty, among other things contained the following:
* * Therefore, it is the Judgment of the Court and the Sentence of the Law, that you, Ruby Mc-Collum for your said offense, do be remanded to the custody of the Sheriff of Suwannee County, Florida, to be by him safely kept in the common jail of said County until the Governor of the State of Florida shall have issued his death warrant for your Execution, and that after issuance of Warrant for your Execution by the Governor you shall be conveyed to the State Prison Farm at Raiford, Florida, * * *. ”
An appeal from that judgment is now pending in the Supreme Court of the State of Florida.
The petitioner shows no other interest in the case. He is not an attorney, or coun-sellor, for the prisoner and he is not related to her by consanguinity or affinity. He alleges that he has no interest in the matter except his contract with the publishers and to prepare the story for magazines and newspapers.
The petition was presented to the Honorable R. H. Rowe, Circuit Judge. After reviewing the facts, as appears in the order with reference to said petition on the merits thereof, the order stated:
“Accordingly, the prayer of said petition is hereby denied.”
The petition for mandamus was a common-law action and a separate and independent suit. There may have been one thousand or ten thousand such suits filed by persons desiring to interview the prisoner. It is not a supplemental proceeding to the main case of the State of Florida v. Ruby McCollum and has no connection with it except the desire of an individual to visit and interview Ruby McCollum for the purpose of getting material to write a story to sell to be published in newspapers and magazines.
The order made by the Circuit Judge was either a final judgment or an interlocutory order in a common-law proceeding.
If it is an interlocutory order in a common-law proceeding, it cannot be reviewed by appeal or certiorari. If the order is a final judgment, it cannot be reviewed by certiorari but must be reviewed by appeal. See Sections 59.01(5) and 59.02, F.S.A.
Whether the order be an interlocutory order or a final judgment in a common-law proceeding, — the result is the same — certiorari is not .the proper remedy for review.
*500 The petition filed in this Court and the record of the Court below make it clear that the order complained of is not a final judgment.
In the case of State ex rel. Wailes v. Croom, 62 Fla. 284, 57 So. 420, the order of the trial Court was as follows:
“This cause was heard upon the petition of the plaintiff for an alternative writ of mandamus and upon consideration it was ordered that said writ be and the same is hereby refused, and that said petition be dismissed.”
That order was held to be a final judgment. It was identical to the order in the present case except for the additional words “and that said petition be dismissed”.
In the case of State ex rel. Rhodes v. Goodson, 65 Fla. 475, 62 So. 481, 482, the order was, for all practical purposes, the same as the order in the case at Bar. In that case the Court said:
“ ‘ * * *• it is ordered that the prayer of said petition be and the same is hereby refused and denied. ’ ”
The order did not contain the words “and that said petition be dismissed”. In State ex rel. Rhodes v. Goodson, supra, the Court held that the order was not a final judgment and the writ of error (appeal) was dismissed.
In the case now before us the petition for the alternative. writ was not dismissed and no final judgment is shown t'o have been made. No reason appears why final judgment should not be entered.
It appears that the well and long established law and rules provide a full, adequate and complete remedy by appeal after final judgment. Wolf v. Industrial Supply Corp., Fla., 62 So.2d 30.
In view of the conclusions which we have reached, it is unnecessary that we discuss or decide the merits of the petition for mandamus filed in the Court below and we do not discuss or decide the same at this time.
The petition for certiorari should be and the same is hereby denied, and the said petition be and the same is hereby dismissed, without prejudice to the right of the petitioner to proceed further in the Court below and in this Court, under the laws and rules existing in such cases.
ROBERTS, C. J., and TERRELL, and SEBRING, JJ., concur.