CARROLL, CHAS., Chief Judge.
The appellee has moved to dismiss the appeal taken to this court, from an order quashing an alternative writ of mandamus, as lacking finality essential for appeal. The motion must be denied.
In the mandamus action in the circuit court the relator moved for the issuance of a peremptory writ notwithstanding the return. After hearing thereon the court made the following order:
“This cause is before the Court on motion for peremptory writ notwithstanding return. The only issue involved is the validity of subparagraph (d) of subsection 6.2 of City of Miami Ordinance No. 5651, as amended by Ordinance No. 5879. After considering said motion and hearing the arguments of council, it is
“Ordered and Adjudged that said motion be denied and that the alternative writ of mandamus heretofore issued be quashed.”
In moving to dismiss, appellee cited State ex rel. Clifton v. City of Daytona Beach, 114 Fla. 384, 154 So. 165, in which the Supreme Court held that an order granting a motion to quash an alternative writ of mandamus-was interlocutory and not final in character, saying: “Such a final judgment would be one of dismissal of the proceeding predicated upon the court’s order granting the motion to quash the alternative writ. But until the proceeding is finally dismissed and the respondents discharged, there is no final judgment, even though the original alternative writ has been quashed on motion.” That holding, that an order quashing an alternative writ on granting a motion to quash is not a final judgment in mandamus, was followed in State ex rel. Collins v. Rogers, 139 Fla. 557, 190 So. 701. See also Goodrich and Cone, Mandamus in Florida, 4 U.Fla.L.Rev. 535, 543. Cf. State ex rel. Rhodes v. Goodson, 65 Fla. 475, 62 So. 481.
In opposing the motion appellant argues that an order or judgment quashing an alternative writ, when entered on consideration of a motion for peremptory writ notwithstanding the return, is a final disposition of the case and amounts to a final judgment. We find appellants’ position in that respect is supported by the authorities.
While there seems little basis for such distinction, nevertheless a distinction is made in the authorities between the effect of quashing an alternative writ of mandamus on a motion to quash, and an order quashing an alternative writ of mandamus when the cause is considered on the merits on motion for peremptory writ notwith *387 standing the return. In the latter circumstance, it is held that such a motion for the entry of a peremptory writ notwithstanding the return contemplates a final order which may be one either “quashing” or “dismissing” the alternative writ, or granting the peremptory writ. State ex rel. Burr v. Seaboard Air Line R. Co., 92 Fla. 61, 109 So. 656, 664; State ex rel. Davis v. Atlantic Coast Line R. Co., 97 Fla. 816, 122 So. 256, 257; State ex rel. Hawkins v. Board of Control of Florida, Fla.1950, 47 So.2d 608, 611. In each of the cases just cited, the court used the word “quashing” as the equivalent of “dismissing”, in holding that “a motion for peremptory writ of mandamus notwithstanding the answer, contemplates a final order either quashing or dismissing the alternative writ or granting the peremptory writ.”
Accordingly, we hold that the order in question was a final order, and the motion to dismiss the appeal is denied.
HORTON and PEARSON, JJ., concur.