KANNER, Judge.
The relator, Mott, tried on a misdemeanor charge before the respondent county judge and a jury, was acquitted. The trial was reported by an official court reporter at the request of the relator, who paid the reporter for his services. The relator filed a sworn statement of costs showing payment of the reporter’s charge and requested a certificate of payment of. such cost, pursuant to section 939.06, Florida Statutes, F.S.A. The county judge declined to issue the certificate because in his opinion the fee of the court reporter was not taxable as costs.
Mandamus action seeking coercive issuance by the county judge of the certificate of payment was then instituted by the relator. Petition for alternative writ of mandamus was filed, and the writ sought was issued pursuant to the petition. The respondent county judge thereupon filed a motion to quash the alternative writ of mandamus under several stated grounds which, for purpose of this opinion, we do not deem it necessary to recite. In due time the motion to quash came on to be heard, and the trial judge entered an order granting it. The decretal part of the order reads:
“It is, thereupon, ordered, adjudged, and decreed that the motion of relator to quash the alternative writ of mandamus issued in the above cause be, and the same, is hereby granted.”
The appeal is from this order.
Mandamus is an action at law. Thus this appeal is directed to an order in a common-law proceeding. For an appeal at law to be properly lodged jurisdictionally with an appellate court, it is essential that the appeal ensue from a final judgment or order, unless the question for appeal concerns jurisdiction over the person or venue. Rule 4.2, subd. a, Florida Appellate Rules, 31 F.S.A. Here, neither of these exceptions is involved. We therefore question whether the appealed order is a final judgment so as to vest this court with-, jurisdiction. We must conclude that it is-not. The order merely grants the motion to quash the alternative writ without dismissing the petition. An order granting motion to quash an alternative writ of mandamus is not a final judgment, nor is an order merely denying or refusing an alternative writ of mandamus, without a provision that the petition be dismissed. Huie v. Lewis, Fla.1954, 71 So.2d 498; State ex rel. Collins v. Rogers, 1939, 139 Fla. 557, 190 So. 701; State ex rel. Clifton v. City of Daytona Beach, 1934, 114 Fla. 384, 154 So. 165; State ex rel. Rhodes v. Goodson, 1913, 65 Fla. 475, 62 So. 481; and State ex rel. Lullaby Nursery v. City of Miami, Fla.App.1958, 107 So.2d 385.
For the reason that the order appealed from is interlocutory and not final, we must dismiss the appeal on our own motion.
Dismissed.
ALLEN, C. J., and SHANNON, J., concur.