**NELLY SAFFRAN, a single woman, v. DORIS ADLER, joined by her husband and next friend, JOSEPH ADLER.**

12 So. (2nd) 124         January Term, 1943
February 19, 1943         En Banc

*A. C. Franks,* for petitioner.
*Marshall F. Sanders,* for respondent.

BROWN, J.:

The plaintiff below, petitioner here, secured a judgment in an automobile accident case against the defendant, Doris Adler, in the sum of $2,500.00 and execution was placed in the hands of the sheriff and returned unsatisfied. The plaintiff instituted proceedings supplementary to execution, under sections 4540-49 C.G.L., now appearing as sections 55.52-55.61 Florida Statutes, 1941. The Commissioner appointed in the case by the circuit judge took testimony and reported

that the defendant was the owner of certain property which was subject to execution under the judgment, and the Court on May 15, 1942, entered an order confirming said report, and the sheriff levied upon the property and advertised the same for sale. The defendant then filed a motion to vacate the Court's order, claiming that property was her homestead, and the Court referred the case back to the Commissioner for the taking of further testimony and to report his findings of law and fact thereon. The Commission thereupon took quite a volume of testimony and filed a report in which he discussed the law and the facts of the case at some length and arrived at the conclusion that the property in question was, under Section 1, Article X of the Constitution, the homestead of the defendant. To this report the plaintiff filed exceptions, upon the ground that the evidence did not sustain the Commissioner's findings as to either the law or the facts. The Court, on November 18, 1942, handed down an opinion and order, overruling the exceptions and approving the Commissioner's report, and adjudging that the property involved was the homestead of the defendant and exempt from levy and sale under plaintiff's judgment and execution, and ordering plaintiff not to attempt to levy the execution upon said property. A few days later, in November 23, 1942, the Court made another order, supplementary to the order of November 18, 1942, stating that it appearing that during the pendency of these proceedings the sheriff had levied the execution upon the property, the Court ordered and adjudged that its previous order of May 15, 1942, be revoked and set aside, and that the levy of execution against said property pursuant to the execution issued, or pursuant to any previous order of the Court, be stayed, and the property released and discharged from the lien and effect of said writ of execution.

It thus appears that the Court's order of November 18, 1942, supplemented by its order of November 23, 1942, constituted a final disposition of the proceedings supplementary to execution. Indeed, the order of November 18th might well be deemed a final order, but, as supplemented by the order of November 23rd, it finally and completely adjudged and disposed of said supplemental proceedings.

On January 18, 1943, the plaintiff below filed in this Court her petition for certiorari, setting forth the history of the case and asking this Court to review and set aside the two orders of the circuit court above referred to. A transcript of the record in the trial court, together with a brief, was attached to the petition.

In the petition, it is stated that: "The jurisdiction of the Supreme Court is invoked under its inherent and constitutional power to grant common law writs of certiorari as provided for in rules 27 and 34 of the Rules of the Supreme Court."

Rule 34 relates to interlocutory appeals by certiorari, and is not to be confused with common law writs of certiorari. It merely provides that all interlocutory appeals shall be prosecuted to this Court by certiorari "in the manner provided by the rules relating to the constitutional writ of certiorari." (See Rules 27 and 28 of Supreme Court Rules.) Rule 34 was adopted by this Court to simplify and expedite appellate review of interlocutory orders and decrees in chancery cases. It has not application to *final* decrees, which are subject to review only on appeal taken as provided by statute and rule 2; nor does Rule 34 apply to appellate review of either interlocutory orders or final judgments in actions at law, nor to final orders or judgments in proceedings supplemental to execution.

As to appellate review of final decrees in chancery, see Sections 67.03, 67.04, 67.06, 67.07 and 67.08 Fla. Statutes, 1941, and Rule 2 of Supreme Court Rules; also Chapter 20,441 Laws of 1941. Both under the statutes and rules of this Court, appeals from final decrees in equity and final judgments at law must be taken within sixty days from and after the entry of the judgment or decree appealed from, by the filing of a notice of appeals as provided in Rule 2.

Common law writs of certiorari are issued by the Supreme Court under the Constitution (Sec. 5 of Art. V) in the *manner* prescribed by Rules 27 and 28 of our Supreme Court Rules, to review judgments rendered by the circuit courts when sitting as appellate courts in cases where there is no provision of law for an appeal. Broadly speaking, certiorari

at common law may be granted by a superior court to an inferior court or tribunal to review its action where it has exceeded its jurisdiction or has not proceeded in accordance with the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. American Express Co. v. Weatherford, 84 Fla. 264, 93 So. 740; First National Bank v. Gibbs, 82 So. 618 78 Fla. 118; Robinson v. City of Miami; 138 Fla. 696, 190 So. 35.

The general rule is that certiorari lies only to a final adjudication, where there is no remedy by appeal provided for, but in certain cases the writ will be granted to review preliminary or interlocutory orders in statutory proceedings incidental to cases at law which depart from the essential requirements of the law, and may reasonably cause serious injury to the complaining party throughout all subsequent proceedings in the case, in violation of his civil rights, and for the correction of which the law affords no other adequate remedy by appeal or otherwise. Kilgore v. Bird, 149 Fla. 570, 6 So. (2nd) 541. But it is well settled in this state that common law certiorari will not lie from this Court to an inferior court, to review its final orders or judgments, if the case is one in which the petitioner had an adequate remedy by appeal or writ of error. Atlantic Coast Line R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 So. 66, 113 So. 384; Dade Realty Corporation v. Schoenthal, 149 Fla. 674, 6 So. (2nd) 845.

The question now arises as to whether the two final orders, rendered in this proceeding supplemental to execution, holding the property involved exempt from levy and sale under the execution which had been issued, constituted a final judgment which was subject to review on appeal. Petitioner's contention that neither the order of November 18, 1942, nor that order as supplemented by the order of November 23, 1942, constituted a final judgment or adjudication from which an appeal could have been taken, is conclusively negatived by our opinion and decision in the case of First National Bank v. Bebinger, 99 Fla. 1290, 128 So. 862, wherein we held that a final order in such a proceeding as this, which adjudged that the property involved was not

subject to the execution, was so far final and conclusive in its nature as to constitute a final judgment to which writ of error would lie. The fact that now final judgments at law, like final decrees in equity, are reviewable by appeal instead of by writ of error does not change the applicability of the above cited decision.

Petitioner further contends that when the defendant below claimed that the property here involved constituted her homestead, she injected an equitable issue in the case, and that the court, in making said orders, was exercising its equitable jurisdiction. We think this contention is also negatived by the opinion of this Court in the case cited in the preceding paragraph. It may be that our statutory proceeding supplemental to execution enables a judgment creditor to accomplish the same results in most cases that could still be accomplished by proceeding in equity by way of a creditor's bill of discovery in aid of an execution, but the statutory supplemental proceedings, in the same law court which rendered the judgment, is nevertheless a lawful and constitutional remedy. See Reese v. Baker, 98 Fla. 52, 123 So. 3; Ryan's Furniture Exchange, Inc., v. McNair, 120 Fla. 109, 162 So. 483, and First Nat'l. Bank v. Bebinger, supra. But in some states it is held that the statutory proceeding has superseded the equitable remedy. However, even if we should hold that the circuit court was exercising its equitable jurisdiction in making the orders complained of and that we are here dealing with what amounts to a final decree in equity (which we could not do under the above cited decisions), petitioner would not be aided thereby, for final decrees in equity are reviewable by the aggrieved party by way of appeal, and not by certiorari.

The petition for certiorari is therefore denied.

BUFORD, C. J., TERRELL, CHAPMAN, THOMAS and SEBRING, JJ., concur.

ADAMS, J., not participating.