**HENRY JOHNSON, ETHEL JOHNSON and LINCOLN TUCKER v. STATE OF FLORIDA.**

28 So. (2nd) 104                      June Term, 1946
November 26, 1946                     Special Division B

*Alvan B. Rowe,* for petitioner.

*Clyde H. Wilson* and *Ausley, Collins & Truett,* for respondent.

CHAPMAN, C. J.:

On April 10, 1946, Honorable Clyde H. Wilson, State Attorney, filed in the Circuit Court of Manatee County, Florida, a petition in the name of the State of Florida praying for an order of forfeiture to the State of Florida of a 1939, six cylinder Chevrolet Sedan automobile under the provisions of Sections 562.27 and 562.39, F.S.A., as amended by Chapter 22669, Acts of 1945, Laws of Florida. Henry Johnson and wife, Ethel Johnson, Lincoln Tucker and Cox Motor Company of Bradenton were made defendants.

The petition alleged that on January 24, 1946, agents of the State Beverage Department took possession of the automobile and arrested Henry Johnson and Lincoln Tucker, occupants of the car, who at the time and place were using the car in the transportation of a five gallon jug filled with moonshine whiskey. Henry Johnson then and there advised the agents

of the Beverage Department that he owned the automobile and license tag No. 15E-16 then on the car, as shown by the record, was in his name.

Notice of seizure of the automobile was published in a newspaper in Manatee County, Florida, in compliance with Section (2) of Section 562.39, supra. Ethel Johnson, wife of Henry Johnson, filed with the Director of the Beverage Department here claim of ownership of the car and simultaneously filed a surety bond in the penal sum of $500.00, conditioned that in case of a forfeiture of the automobile to pay all costs and expenses of the forfeiture proceedings, inclusive of a reasonable attorney's fee. It was alleged that the Cox Motor Company had a claim on the car for work and repairs and likewise held a conditional sales contract which had not been fully paid. The Cox Motor Company is not a party to the cause in this Court.

The petitioners here, Henry Johnson and wife, Ethel Johnson, filed separate answers to the petition of the State of Florida seeking a forfeiture of the automobile and separate motions to dismiss the same. The grounds of the two motions are the same and are viz: (1) the Beverage Act is unconstitutional; (2) the Beverage Act is a regulatory measure and no tax is imposed on moonshine whiskey; (3) the automobile is not subject to forfeiture; (4) it does not appear as a matter of law that moonshine whiskey is taxable; (5) it does not appear that the seized car was removing whiskey with the intent to defraud the State of Florida of a lawful tax; (6) Section 562.27, F.S.A., imposes an excessive penalty, is arbitrary and unreasonable; (7) Section 562.27, supra, denies the equal protection of the law; taxes or forfeits the automobile without due process; does not compensate petitioner for her property; it violates both the State and Federal Constitutions; (8) similar grounds or objections are directed to Section 562.39, F.S.A.; (9) Section 562.39, (3) requires a claimant to execute a bond to the State of Florida "with a surety company licensed to do business in the State of Florida as surety.."

In an application here for a common law writ of certiorari, the petitioners seek to quash pertinent portions of the order of the lower court viz:

"The Court being uncertain as to the constitutionality, effect, interpretation and meaning of The Beverage Law as amended by Chapter 22,669 of the 1945 Laws of Florida and especially Florida Statutes Section 562.27, Section 562.39 and Section 562.39 (3) as construed by the Supreme Court of Florida in the case of Scarborough, Director of State Beverage Department v. Newsome as reported in 150 Fla. 220, 7 So. (2nd) 321, now resolves these doubts against the defendants, and

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motions of the defendants be and the same are hereby severally denied and overruled, so that application and petition may be made to the Supreme Court of Florida for certiorari from this interlocutory order."

Presented on this record is a question of procedure that cannot be ignored or disregarded under our adjudicated cases. The record brought here fails to disclose a final judgment or its equivalent entered by the lower court in this controversy, and, under our adjudicated cases, such is essential to the jurisdiction of this Court on common law certiorari. Janet Realty Corp. v. Hoffman's Inc., 154 Fla. 144, 17 So. (2nd) 114; Saffran v. Adler, 152 Fla. 405, 12 So. (2nd) 124; Goodkind v. Wolkowsky 151 Fla. 62, 9 So. (2nd) 553.

The petition for a writ of certiorari is denied.

BROWN and THOMAS, JJ., and BARNS, Circuit Judge, concur.