On Petition for Rehearing
MATHEWS, Justice.
In this case petitioner, Atlantic Coast Line Railroad Company, filed a petition seeking the issuance of a common-law writ of certiorari. There accompanied the petition motion for an ancillary writ of injunction which it is claimed was necessary to the exercise of the jurisdiction of this Court.
The respondents filed a motion to quash the petition for the writ of certiorari and to dismiss the proceeding on the ground that the Court has no jurisdiction to entertain or hear the proceedings because petition was filed twenty-two months after the date and issuance of the order sought to be reviewed in violation of Rule 28 of this Court, 30 F.S.A.
On the 29th of April, 1949, the petitioner herein filed its application with respondents seeking authority to discontinue the daily operation of certain trains between Lake-land, Florida, and Clewiston, Florida, and to substitute a tri-weekly service. A public hearing was held in October, 1949, and in due course on October 19, 1950, the respondents issued its order denying the , application.
At this time the petitioner had two courses, or remedies, open to it. One was to apply to the United States District Court with a Three-Judge Court, as required by Section 28 U.S.C.A. § 2281. The other was to file petition in this Court for writ of certiorari to review the order and proceedings of the respondents. The petitioner elected to pursue the first remedy mentioned.
In the United 'States Court petitioner obtained a favorable opinion and appeal was prosecuted by the respondents to the United States Supreme Court. While the appeal was pending in the Supreme Court of the United States, there was another case from Alabama, Alabama Public Service Commission v. Southern R. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002, which was decided by the Supreme 'Court of the United States which, for all practical purposes, decided the case then on appeal of the *306 respondents against the petitioner herein. Later the Supreme Court of the United States decided the case of petitioner in a Per Curiam opinion on the authority of the Alabama case and remanded this case for further proceedings. Florida R. R. and Public Utilities Commission v. Atlantic Coast Line R. Co., 342 U.S. 844, 72 S.Ct. 73. In due course the United States District Court with three Judges sitting dismissed the cause.
Petitioner admits that the sixty days provided for by Section 350.641, F.S.A., for a statutory certiorari had long expired and, therefore, seeks what it calls a constitutional writ of certiorari under the Court’s powers granted by the Constitution of Florida in Article V, Section 5, F.S.A. It is urged by petitioner that this Court has jurisdiction to entertain a petition for the common-law writ of certiorari at any time. Petitioner urges that the Legislature cannot curtail the power of the Supreme Court in the matter of time. The case of Palmer v. Johnson Const. Co., 97 Fla. 479, 121 So. 466, and many other cases are cited and quoted from in support of the contention that the power to issue the common-law writ of certiorari is vested in this Court by Section 5 of Article V of the Constitution and that such power cannot be curtailed or circumscribed by any legislative enactment. The respondents frankly admit that such contention of the petitioner is correct and that the cases cited are sound, but contend that such cases are not applicable to the case at bar because Supreme Court Rule 28 is not a legislative enactment. It is not a statute. It is a rule adopted by this Court pursuant to the authority vested in it to make and adopt rules regulating the procedure to be followed in the exercise of its constitutional powers and duties.
In the case of Saffran v. Adler, 152 Fla. 405, 12 So.2d 124, 125, in a petition for the common-law writ of certiorari it was stated:
“The jurisdiction of the Supreme Court is invoked under its inherent and constitutional power to grant common law writs of certiorari as provided for in rules 27 and 34 of the Rules of the Supreme Court.”
In deciding that case the Court definitely limited the issuance of common-law writs of certiorari tO’ the manner prescribed by Rules 27 and 28 when it said:
“Common law writs of certiorari are issued by the Supreme Court under the Constitution (Sec. 5 of Art. V) in the manner prescribed by Rules 27 and 28 of our Supreme Court Rules, to review judgments rendered by the Circuit Courts when sitting as appellate courts in cases where there is no provisipn of law for an appeal. * * * ” (Emphasis supplied.) ,
' There is quite a‘difference between, the Legislature attempting to circumscribe, circumvent or limit the powers of the Supreme Court vested in it by the Constitution, and rules adopted by the Supreme Court itself with reference to procedure in the exercise of its constitutional powers and duties.
In the case of Helm v. Carter, 160 Fla. 777, 36 So.2d 808, petitioner sought to review a final order of the Florida Railroad and Public Utilities Commission by the writ of certiorari. The petition for the writ was denied without an opinion. The files in the Court have been examined and they disclose that the order sought to be reviewed was entered on February 26, 1948, and the petition for writ of certiorari was filed on April 27, 1948, which was more than sixty days from the date of the order. The respondents moved to dismiss the petition on the ground, among others, that the record showed that the petition was filed on a date later than sixty days from and after the entry of the orders sought to be reviewed which was the only ground considered by the court. The record shows that the judgment of the Court was entered dismissing the. petition because it was not filed within sixty days of the entry of the order appealed from. The order in question contained the following:
“It appearing that this Court is without jurisdiction to consider the petition for certiorari because the petition was not filed within sixty days of the entry of the order appealed from, it is ordered that said petition be and the same is hereby denied.”
*307 Supreme Court law rule 28'was adopted by this Court to become effective on and after April 1, 1942. The rale so adopted and which became effective April 1, 1942; superseded all rules theretofore adopted relating to appeals to and procedure in this Court.
Supreme Court Rule 28 is as follows:
“(a) Petition to Bé Supported by Transcript and Brief. Application for writ of certiorari shall be by petition filed in this Court within sixty days from the date of the proceeding, order, judgment or decree sought to be reviewed. It shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by opposing counsel to be necessary, no other record shall be required. The petition shall contain a concise statement of the cause and the reasons relied on for granting the writ. It shall also be accompanied by a supporting brief prepared in compliance with the' rules of this Court. •
“(b) Respondent to Be Served With . Petition, Transcript and Brief. Copy of 'the petition, transcript, and brief shall be furnished respondent or his counsel at the time-notice of application therefor is filed with the-:Clcrk of ■ this Court.
“(c)' Respondent’s Brief — When Filed. The respondent may file his brief in opposition to the writ within ten days after he is furnished with copy of petitioner’s brief. The petition should be set down' under (1) (a) of Rule 27 for hearing on a Motion Day occurring after the ’ time allowed respondent herein to file brief.
“(d) Oral Argument Only When Granted. • Unless further proceedings are ordered by the Coürt, the cause shall then be finally disposed of without oral argument.”
The provision in the Ruie that , the application of the writ shall be filed “within sixty days from the date of the proceeding, order, judgment or decree sought to be reviewed” is a vital and essential part of the Rule. The adoption of the Rule was the exercise of the power vested in this Court and was inserted for a definite purpose which was to limit the time in which this -Court would exercise any jurisdiction in the matter. The Rule is not only applicable to the statutory writ of certiorari but it is applicable to the common-law writ of certiorari and is controlling in this case. Saffran v. Adler, supra.
The reason for the rulé is sound and has a definite purpose. It would be just as logical to say that this Court could entertain jurisdiction of a petition for the common-law writ of certiorari five years, ten -years, twenty years, or thirty years after the date of the judgment or order sought to be reviewed as it is to say that .the Court has jurisdiction to issue the writ twenty-two months afer the date of such order. Litigation must end sometime. It was never contemplated that the power, right, authority, or jurisdiction to consider a petition for the common-law writ of certiorari, or to issue the writ, could exist for an indefinite period, or in perpetuity, and thereby leave uncertain and undecided vital and important litigation until some of the parties got ready to move. Such a situation would lead to endless delay, uncertainty and confusion.
-As. the petition for certiorari was not filed within the sixty-day period prescribed by Supreme Court Rule No. 28, the petition for rehearing should be and is hereby denied.
■SEBRING, C. -J., TERRELL and THOMAS, JJ., and BUFORD, Associate Justice, concur.
ROBERTS, J., and WALKER, Associate Justice, dissent.