72 So.2d 800 (1954)
SLATCOFF
v.
DEZEN et al.
Supreme Court of Florida. En Banc.
May 11, 1954.
Rehearing Denied June 10, 1954.
Ginsberg & Pelle, Miami, for petitioner.
Englander & Hoffman, Miami Beach, for Max Dezen.
Dixon, DeJarnette & Bradford, Miami, for Reliance Life Ins. Co. of Pittsburgh, Pa., and Lincoln Nat. Life Ins. Co. of Ft. Wayne, Ind.
HOBSON, Justice.
On the 9th day of October, 1952, Lucille Slatcoff secured a judgment in the sum of $36,123 against Max Dezen in a common law action filed as Case No. 26451 in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida. Subsequent to the rendition of said judgment and on the 24th day of July, 1953, the attorney for Lucille Slatcoff filed a garnishment affidavit in the same common law action No. 26451, wherein Lincoln National Life Insurance Co. of Ft. Wayne, Indiana, was named as garnishee.
*801 Answer was filed by the garnishee in which, among other things, it was admitted that the said Lincoln National Life Insurance Co. had re-insured and become liable upon certain life insurance policies on the life of Max Dezen, issued by Reliance Life Insurance Company of Pittsburgh, Pennsylvania. One of these policies was taken out on January 10, 1936, and the other on March 1, 1939. The answer averred that the cash surrender value of the first of these policies had it been presented for cancellation July 24, 1953, would have been the sum of $1,287.61, and on the same date had the other policy been presented for cancellation its cash surrender value would have been $18,962.17, but that neither of said policies was either presented or surrendered for payment of the cash surrender value. The answer of the garnishee also contained an averment that the garnishee had been advised "that, by virtue of the Statutes of the State of Florida in effect at the time of the service of said writ of garnishment and at the time of filing of this answer, proceeds and benefits of a policy of life insurance are exempt from the claims of creditors of the insured or of the beneficiary or beneficiaries."
A motion was made by counsel for petitioner to strike the above quoted part of the answer because "same is a conclusion of law, is immaterial, irrelevant and fails to state a legal defense." At a hearing before the circuit judge on the 12th day of October, 1953, the court denied said motion to strike and further ordered and adjudged "that the Writ of Garnishment heretofore brought by the Plaintiff, Lucille Slatcoff, against the Garnishees, the Lincoln National Life Insurance Company and the Reliance Life Insurance Company of Pittsburg, Pennsylvania, be and the same is hereby dissolved, and the garnishee discharged from this cause." (Italics supplied.)
The first matter which we must determine is whether the above order, which, by the petition for certiorari herein, petitioner seeks to have quashed, was a final judgment and therefore appealable only. We have decided to deviate from our customary but not inflexible rule and write an opinion in this case, albeit our conclusion compels a judgment denying the petition for certiorari, because of the apparent need for further clarification in this area of the law.
The petition filed herein is for the common law writ of certiorari. We have repeatedly held that such a writ will not issue from this court if the order sought to be quashed is one which may be brought to this court for review by direct appellate proceedings.
We have concluded that this case should be governed by our opinion in Saffran v. Adler, 152 Fla. 405, 12 So.2d 124, and not by our conclusion and judgment in Krivitsky v. Gerlach, 120 Fla. 770, 163 So. 134, 135.
It is true, as in the latter case, that the order sought herein to be quashed, although it dissolves the writ of garnishment, does not contain the customary wording of a final judgment in that there is no recitation to the effect "`that the plaintiff take nothing by her said writ of garnishment.'" However, the judgment in the instant case does contain something more than a mere dissolution of the writ of garnishment, to-wit: "and the garnishee [be] discharged from this cause." It is our view that the above quoted language should be given the same connotation as the wording "that the plaintiff take nothing by her said writ of garnishment", for, if the garnishee be discharged from the cause, as it was, then assuredly Lucille Slatcoff can "take nothing by her said writ of garnishment." Moreover, the test of a final judgment is whether the judicial labor is at an end. Wolf v. Industrial Supply Corp., Fla., 62 So.2d 30; Wolf v. Cleveland Electric Co., Inc., Fla., 58 So.2d 153; Foley v. State, Fla., 50 So.2d 179, 186. Certainly no judicial labor remains for the circuit court to perform in connection with the garnishment proceedings.
*802 We have not neglected to consider the fact that the order and judgment entered on October 12, 1953, at least attempted to preserve and continue in full force and effect the temporary restraining order theretofore granted which ostensibly temporarily restrained Max Dezen, the judgment debtor, "from disposing of said policies in any manner, from borrowing, or in any way hindering or encumbering the said cash surrender value of the life insurance policies described in the Order, pending further order of this Court". It is unnecessary and, what is more important, it is improper, for us to decide whether the circuit court in this garnishment proceeding after judgment had the power to issue an injunction. However, we make the observation, as was done in Saffran v. Adler, supra, that it is at least doubtful that a circuit court in Florida may exercise equitable jurisdiction in a common law action. It makes no difference whether the injunction issued by the circuit court is effective or a mere brutum fulmen because the attempt to continue in full force and effect the purported restraining order has no bearing whatsoever on the question actually before us, i.e., whether the order sought to be reviewed is a final judgment. The filing of an affidavit in garnishment after judgment initiates a proceeding at common law against a new party and when, as here, the writ of garnishment is dissolved and the garnishee discharged from the cause, the order so declaring is a final judgment and hence is appealable.
We are forced to the conclusion that we must deny the petition for certiorari because the order sought to be quashed is a final judgment and might have been brought here for review by direct appellate proceedings. The petition for certiorari is hereby denied.
ROBERTS, C.J., and TERRELL, SEBRING and MATHEWS, JJ., concur.
THOMAS, J., dissents.
DREW, J., not participating.