THORNAL, Justice.
By petition for writ of certiorari Bur-dine’s, Inc. seeks review of an order entered by the Circuit Judge under Section 440.39, Florida Statutes, F.S.A., making equitable distribution of a settlement made by Mrs. Drennon, a workmen’s compensation claimant, with a third party tort-feasor after Mrs. Drennon had received certain benefits under the Workmen’s Compensation Act.
The determining point is whether an order making equitable distribution of a recovery by a workmen’s compensation claimant against a third party tort-feasor may be reviewed by certiorari. Mrs. Dren-non’s late husband, an employee of Bur-dine’s, Inc., was killed by an accident arising out of and in the course of his employment. She petitioned for and received workmen’s compensation benefits. There *260 after she pursued her remedies against a third party tort-feasor and made a substantial settlement. She petitioned the trial judge for an order making equitable distribution between herself and her late husband’s employer in accordance with Section 440.39, Florida Statutes, F.S.A. The Circuit Judge made an apportionment and entered an order of equitable distribution. Being dissatisfied with the order, Burdine’s, Inc., the employer, seeks review of same by petition for writ of certiorari.
The respondents have moved to dismiss the petition contending that the order of equitable distribution is a final order reviewable by appeal and therefore not reviewable by certiorari.
In at least three instances we have reviewed by appeal orders making equitable distributions under the Workmen’s Compensation Act. See Arex Indemnity Co. v. Radin, Fla.1954, 72 So.2d 393; Baughman v. Aetna Casualty & Surety Company, Fla. 1955, 78 So.2d 694; Insurance Company of Texas, v. Rainey, Fla.1956, 86 So.2d 447. Admittedly in none of these cases was the propriety of the method of review directly considered. However, no case has been pointed out to us in which such an order has been reviewed by certiorari.
It is fundamental that certiorari is a discretionary writ and will not be granted when a full and adequate remedy by appeal is available. 3 Fla. Law and Practice 612, Certiorari, Sec. 13. It follows that if orders apportioning recoveries of this nature are properly reviewable by appeal, the petition for the writ in the instant case will have to be denied. Bartow Growers Processing Corp. v. Florida Growers Processing Cooperative, Fla.1954, 71 So.2d 165.
Ordinarily appeal may be taken only from final judgments and final decrees. Section 59.02(1,2), Florida Statutes, F.S.A. By analogy we have held that an order in a proceeding supplementary to execution applying certain property to the satisfaction of the judgment is an independent final order ancillary to the principal proceeding and is appealable. In Orange Belt Packing Co. v. International Agricultural Corp., 112 Fla. 99, 150 So. 264, 265, we held:
“Where a proceeding with reference to an original action at law Í9 a distinct proceeding in itself, and collateral to the main action at law and judgment rendered therein, a final order or judgment disposing of such separate proceeding is considered a final one as to such separate matter or proceeding, and one that may itself be the subject of a distinct writ of error to have it reviewed as a final judgment in such separate proceeding.”
The case of Saffran v. Adler, 152 Fla. 405, 12 So.2d 124, is authority for the same proposition with the added point that the consideration of equitable principles in arriving at the order of equitable distribution does not deprive proceedings of this nature of their status as a proceeding at law.
A proceeding for equitable distribution of the nature which we have under consideration here is separate and distinct from the final judgment which it follows and calls for a separate and distinct exercise of judicial power and judicial discretion. The parties involved are different from those involved in the litigation producing the final judgment. The order entered in this type of proceeding is final as to the respective interests of the parties thereto, towit: the employer and the employee, or his representative, in the recovery from the judgment defendant. We are, therefore, led to the conclusion that the order of equitable distribution in the situation before us is properly reviewable by appeal. Having reached this conclusion we are compelled to grant the motion to dismiss the petition for writ of certiorari.
Respondent Allen, the original judgment defendant, has separately moved to be dismissed from the appeal. Although a similar motion was granted in Baughman v. Winn Lovett Grocery Co., our case No. *261 24896, orders filed May 8, 1954, and May 13, 1954, (unreported) the dismissal of the certiorari proceedings makes it unnecessary to pass upon this motion.
The motion to dismiss the petition for writ of certiorari is granted and the petition is hereby dismissed.
TERRELL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.