104 So.2d 21 (1958)
Lawrence V. HASTINGS, Petitioner,
v.
Louise Z. OSIUS, Respondent.
Supreme Court of Florida.
June 11, 1958.
Rehearing Denied July 14, 1958.
*22 Hector, Faircloth & Rutledge, Miami, for petitioner.
Eli Breger, Miami Beach, and Harvey J. St. Jean, Miami, for respondent.
DREW, Justice.
The facts in and background of this litigation appear in the decision of the District Court of Appeal for the third district of Florida, 97 So.2d 623.
After rehearing had been denied by the District Court, petition for certiorari was filed in this Court under the provisions of Article V, Section 4(b) of the Florida Constitution, F.S.A., claiming that such decision of the District Court was in direct conflict with the decision of this Court in Slatcoff v. Dezen, Fla. 1954, 72 So.2d 800, and similar cases holding that certiorari would not lie to review an order or judgment which was reviewable on direct appeal. We granted certiorari on March 5, 1958, 101 So.2d 37, and limited the argument to the sole question of whether or not these decisions are in conflict. Cf. Ansin v. Thurston, Fla. 1958, 101 So.2d 808, 811.
We are not here concerned with nor are we authorized under the Constitution, as amended, to pass upon the merits of the decision under review. Our jurisdiction to issue writs of certiorari to review decisions of the District Courts of Appeal, as stated in Ansin v. Thurston, supra, is confined to "cases involving principles the settlement of which is of importance to the public, as distinguished from that of the parties, and in cases where there is a real and embarrassing conflict of opinion and authority" between decisions.
Article V, Section 5(c) provides that:
"Appeals from trial courts in each appellate district, * * * may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court."
In Slatcoff v. Dezen, supra; Burdine's, Inc., v. Drennon, Fla. 1957, 97 So.2d 259, and in many other cases we have held that certiorari is not available to review a judgment which may be reviewed by appeal. Cf. Huie v. Lewis, Fla. 1954, 71 So.2d 498, 499. This proposition seems to be conceded by the respondent but he argues that the judgment reviewed by the District Court was not a final judgment and, therefore, could not be reviewed by direct appeal. We cannot agree.
The decision of the District Court clearly discloses that the questioned judgment arose out of proceedings collateral to the main suit for personal injuries. The trial court determined that the attorney was entitled to recover $2,000 for his services and entered a judgment for such amount containing the customary provision "for which let execution issue". So far as the question determined was concerned, the judicial labors were thereby terminated. The judgment was a final one from which an appeal could have been taken within the statutory period. Orange Belt Packing Co. v. International Agricultural Corp., 112 Fla. 99, 150 So. 264; Slatcoff v. Dezen, supra; Burdine's, Inc., v. Drennon, supra; and Saffran v. Adler, 152 Fla. 405, 12 So.2d 124. Cf. Huie v. Lewis, supra.
*23 The decision of the District Court of Appeal granting certiorari and quashing the order of the trial court is in direct conflict with the decisions of this Court heretofore discussed and is therefore vacated and set aside with directions to said court to enter an order dismissing the petition for certiorari upon which said opinion is predicated.
It is so ordered.
TERRELL, C.J., and HOBSON, THORNAL and O'CONNELL, JJ., concur.