113 So.2d 235 (1959)
Milton J. HARRIS, Petitioner,
v.
Joseph CONDERMANN, and Florida Real Estate Commission, Respondents.
No. 59-230.
District Court of Appeal of Florida. Third District.
April 29, 1959.
Rehearing Denied June 9, 1959.
*236 Julius Jay Perlmutter, Miami Beach, for petitioner.
Benjamin T. Shuman, Orlando, for respondents.
PER CURIAM.
It appearing to the court that the petition for writ of certiorari in the above styled matter was filed more than 60 days after rendition of the order of the trial court sought to be reviewed thereby, and the law makes no provision for extension of time of the 60-day period allowed by the Florida Appellate Rules, rule 4.5, 31 F.S.A. for filing such petition, and therefore an order of the trial court which apparently was relied on by petitioner to extend said time was ineffective to do so; and it further appearing, for the reasons stated above, that this court does not have jurisdiction of the cause; it is, therefore, ordered that this petition for writ of certiorari to the Circuit Court of Dade County (Civ.App. No. 1901) be and it is hereby dismissed sua sponte.

On Petition for Rehearing
A petition for rehearing is directed to an order of this court which dismissed a petition for writ of certiorari filed 73 days after the rendition of the order sought to be reviewed.
The petition for rehearing presents the contention that no time limit can be imposed on the filing of a petition for writ of certiorari, and presents the alternative contention that the existing 60-day limitation can be extended by the court which entered the judgment sought to be reviewed. Neither of those contentions has merit.
The Florida Real Estate Commission had ordered the revocation of the registration of the petitioner Milton J. Harris as a registered real estate broker. Authorized appellate review of the Commission's order was had in the circuit court by a petition for certiorari which the circuit court heard and denied by an order recorded December 17, 1958.[1] A petition for rehearing in the circuit court was denied by an order recorded February 13, 1959. Notice was filed of intention to petition for certiorari to this court, and a supersedeas order was entered in the circuit court pending such further review. On April 3, 1959, the circuit court entered an order granting a 15-day extension of the time allowed by the Florida Appellate Rules for the filing of the petition for certiorari.[2]
The filing of a petition for certiorari is controlled by Florida Appellate Rule 4.5, subd. c, subparagraph (1) of which provides in part: "Application for writ of certiorari shall be by petition filed in the Court within 60 days from the rendition of the decision, order, judgment or decree sought to be reviewed." 31 F.S.A. "Rendition" is defined by Florida Appellate Rule 1.3 as being the date of recordation of such a judgment or order where recordation is required, unless timely petition for rehearing is filed (as was done in this instance in the circuit court) in which event the judgment or order is not deemed to be "rendered" until the petition for rehearing is disposed of. As stated above, the circuit court disposed of the petition for rehearing on February 13, 1959. Thus the 60 days *237 allowed by Florida Appellate Rule 4.5, subd. c within which to file a petition for certiorari in this court was from February 13 to and including April 14, 1959. The petition for writ of certiorari was filed here on April 27, 1959, and it was dismissed by order of this court on April 29, 1959.
In contending by the petition for rehearing that a limit cannot be placed on the time for filing a petition for a writ of certiorari, petitioner relies for authority on the case of Brinson v. Tharin, 1930, 99 Fla. 696, 127 So. 313. In that case it was held that the time for applying for a common-law writ of certiorari in the Supreme Court could not be limited by an act of the legislature to 30 days. The appeal period at that time was 6 months. Comp.Gen.Laws 1927, § 4619, F.S.A. § 59.08 note.
Under authority conferred by the Constitution, the Supreme Court has made rules by which the times for filing a petition for writ of certiorari, as well as for taking an appeal, are fixed and limited to 60 days from rendition of the judgment or order sought to be reviewed. Fla. Const. Art. 5, § 3, F.S.A.; Florida Appellate Rules 3.2, subd. b and 4.5, subd. c. The time within which appeals or certiorari proceedings may be commenced or filed, thus is controlled and limited. In 5 Fla.Jur., Certiorari, § 18, it is stated:
"It has been intimated that certiorari, confined to its legitimate scope, lies within the court's discretion at any time to correct the procedure of lower courts in cases where they have not observed those requirements of the law that are deemed to be essential to the administration of justice. On the other hand, it has been stated that it was never contemplated that the power, right, authority, or jurisdiction to consider and act upon a petition for common-law certiorari could exist for an indefinite period, or in perpetuity, and thereby leave vital and important litigation uncertain and undecided until some of the parties decide to act. In any event, the Supreme Court is vested with the power to adopt rules limiting the time within which petitions for certiorari may be filed. This it has done. The Supreme Court Rules provide that applications for certiorari must be filed in the Supreme Court within 60 days from the date of the proceeding, order, judgment, or decree sought to be reviewed. * * *
* * * * * *
"The time requirement was adopted for the definite purpose of limiting the time within which the reviewing court will exercise any jurisdiction on certiorari. In fact, the requirement is jurisdictional and cannot be waived by the respondent, and a petition not filed within the 60-day period must be dismissed on the court's own initiative."
The propriety of limitation, by Supreme Court Rules, on the time within which a petition for certiorari can be filed was recognized and established in the case of Atlantic Coast Line R. Co. v. Mack, Fla. 1952, 64 So.2d 304. At the time that case was decided the applicable rule was Supreme Court Rule 28, which became effective April 1, 1942, and which imposed a 60-day limitation, as does the present Florida Appellate Rule 4.5, subd. c, effective since July 1, 1957. In the Mack case, in approving the rule for the 60-day limitation, and in rejecting the view that a petition for certiorari could be filed at any time without limitation, the Supreme Court said (64 So.2d at page 307):
"The provision in the Rule that the application of the writ shall be filed `within sixty days from the date of the proceeding, order, judgment or decree sought to be reviewed' is a vital and essential part of the Rule. The adoption of the Rule was the exercise of the power vested in this Court and was inserted for a definite purpose which was to limit the time in which this Court would exercise any jurisdiction in the matter. The Rule is not only applicable *238 to the statutory writ of certiorari but it is applicable to the common-law writ of certiorari and is controlling in this case. Saffran v. Adler, supra. [152 Fla. 405, 12 So.2d 124]
"The reason for the rule is sound and has a definite purpose. It would be just as logical to say that this Court could entertain jurisdiction of a petition for the common-law writ of certiorari five years, ten years, twenty years, or thirty years after the date of the judgment or order sought to be reviewed as it is to say that the Court has jurisdiction to issue the writ twenty-two months after the date of such order. Litigation must end sometime. It was never contemplated that the power, right, authority, or jurisdiction to consider a petition for the common-law writ of certiorari, or to issue the writ, could exist for an indefinite period, or in perpetuity, and thereby leave uncertain and undecided vital and important litigation until some of the parties got ready to move. Such a situation would lead to endless delay, uncertainty and confusion."
The requirement of the rule that the petition be filed within the stated period of 60 days is jurisdictional, and cannot be extended by order of court. Wieczorek v. Williams, Fla. 1954, 71 So.2d 262. In the Wieczorek case the Supreme Court held that it had no jurisdiction of a petition for certiorari which sought review of an order rendered some 90 days before the petition for certiorari was filed in the Supreme Court, in spite of an order of the circuit court purporting to extend the time for filing such a petition. There the Supreme Court said:
"* * * The order of the Circuit Judge below purporting to extend the time for appeal was wholly ineffective either for that purpose or for the purpose of enlarging the time for filing a petition for writ of certiorari."
Finally, the petitioner moves this court to treat his petition for rehearing as a petition for certiorari, and to take jurisdiction thereof and use it as a vehicle upon which to review the circuit court's order which denied his petition for certiorari in that court. In a reply to the petition for rehearing, counsel for the Real Estate Commission joined in the petitioner's request that this court disregard the want of jurisdiction and proceed to hear the matter as though the petition for certiorari had been timely filed. Co-operation of opposing counsel, even if it goes to the extent of a stipulation, cannot cure a lack of jurisdiction. Salinger v. Salinger, Fla. 1958, 100 So.2d 393. The Supreme Court has held on numerous occasions that an appellate court is without jurisdiction to entertain an appeal not filed within the time prescribed in the rules, and that the period within which an appeal may be filed cannot be extended by court order, or by stipulation. See e.g. Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11; Donin v. Goss, Fla. 1954, 69 So.2d 316; Lalow v. Codomo, Fla. 1956, 88 So.2d 752; Salinger v. Salinger, supra.
Under the express provisions of the Florida Appellate Rules this court was without jurisdiction to entertain the petition for certiorari, and, of course, we must refuse the request of the petitioner (assented to by the respondent) that this court disregard the appellate rules and proceed to hear a matter over which we would not have jurisdiction. Cf. State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, Fla. 1958, 102 So.2d 129.
Accordingly, the order of dismissal is adhered to, and the petition for rehearing is denied.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.
NOTES
[1] See Codomo v. Shaw, Fla. 1958, 99 So.2d 849; and rule 4.5c, Fla.App.Rules, 31 F.S.A.
[2] The order purporting to extend the time for filing the petition for certiorari was as follows: "This cause having come on before me upon motion of the petitioner herein for an order extending the time within which petitioner may file his petition for writ of certiorari, brief and transcript of record in the District Court of Appeal in and for the Third District of Florida; and good cause appearing therefor; it is, upon consideration

"Ordered and Adjudged that said motion be, and same is hereby granted, and the petitioner is hereby granted an additional period of 15 days within which to file said documents in said District Court of Appeal in and for the Third District of Florida."