PER CURIAM.
Petition for writ of certiorari was lodged in this court on May 7, 1959, seeking review of an order of the Circuit Court transferring a common law action to the Civil Court of Record for Dade County, Florida.
The order sought to be reviewed grew out of an action for personal injuries sustained by the petitioner. During the course *883 of the trial and after medical and other testimony had been adduced, the trial judge concluded there was “no' factual basis for the assertion in good faith of a claim in excess of $5,000” and thereupon entered an order transferring the cause to the Civil Court of Record. The order of transfer was entered and filed March 2, 1959. On March 9, 1959, the petitioner filed a motion in the Circuit Court to “reinstate cause in Circuit Court” and to “vacate order transferring cause to Civil Court of Record”. The aforesaid motion was denied by an order of the Circuit Court dated April 9, 1959.
The petitioner bases her request for review of the order of transfer mainly upon the decision of the Supreme Court of Florida in Tantillo v. Miliman, Fla.1956, 87 So. 2d 413. Before any inquiry can be made by this court into the merits of the petition, we call attention to a serious jurisdictional question that appears on the face of the record. Florida Appellate Rule 4.5(c), sub-paragraph (1), 31 F.S.A. requires the filing of applications for writs of certiorari within sixty days from the rendition of the decision, order judgment or decree sought to be reviewed. Rendition is defined by Florida Appellate Rule 1.3 as being the date of recordation of the judgment, order or decree where recordation is required, unless there has been filed timely and proper motion or petition for new trial, rehearing or reconsideration by the lower court, in which event, the judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of. In this instance, the order of transfer was dated March 2, 1959 and was filed in the Circuit Court Minute Book on the same day. We are unaware of any rule that permits or provides for a motion of the character herein filed by the petitioner after the entry of the order of transfer. Consequently, the time for application for writ of certiorari in this court, as governed by Florida Appellate Rule 4.5(c), had expired at the time the petition was lodged in this court. See Harris v. Condermann, Fla.App.1959, 113 So.2d 235.
Accordingly, this court is without jurisdiction to consider the petition for writ of certiorari and the same should be and is hereby dismissed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.