750 So.2d 759 (2000)
Ricky D. SAYE, Appellant,
v.
Rosa S. PIESCHACON, Appellee.
No. 1D99-2204.
District Court of Appeal of Florida, First District.
February 9, 2000.
*760 Paul Richard Parker of Vince Bruner & Associates, Panama City, for appellant.
Michael P. Dickey of Barron, Redding, Hughes, Fite, Bassett, Fensom & Sanborn, P.A., Panama City, for appellee.
WOLF, J.
Appellant raises the following two issues in this appeal: (1) Whether the trial court erred in denying his motion for new trial, and (2) whether the trial court erred in granting attorney's fees and costs to appellee pursuant to the offer of judgment statute. We conclude that we do not have jurisdiction to address the first issue. As to the second issue, we conclude that the order granting appellee attorney's fees and costs was improperly entered as there has not yet been a final determination as to the amount of appellant's recovery.
This negligence case arose out of an automobile accident between the parties. In his complaint, appellant (plaintiff below) sought compensatory damages for both past and future economic and non-economic damages arising out of the accident. Following a jury trial, the jury returned a verdict in favor of appellant for $12,000, representing only appellant's past economic damages. Appellant timely filed a motion for new trial.
Before the trial court ruled on the motion for new trial, appellee (defendant below) filed a consolidated motion for entry of a final judgment applying a P.I.P. offset and motion for an award of attorney's fees and costs. In her motion, appellee argued that she was entitled to a $10,000 setoff against the jury's $12,000 verdict, reducing appellant's recovery to only $2,000. Appellee then argued that because $2,000 would be more than 25% less than the two offers of judgment she had served on appellant prior to trial, she was entitled to an award of attorney's fees and costs pursuant to section 768.79, Florida Statutes (1997). Appellee attached to her motion copies of two settlement proposals she served on appellant prior to trial which both exceeded $2,000 by more than 25 percent. Appellee also attached to her motion an affidavit and time sheets from her attorney attesting to the amount of time and money (in costs) he had spent on the case since serving appellee's first settlement proposal and attesting to his usual hourly rate for service.
The trial court subsequently denied appellant's motion for new trial. Several months later the trial court entered what appears to be a final order on appellee's *761 motion for attorney's fees and costs which awards appellee attorney's fees in the amount of $27,043.50 and costs in the amount of $5,986.80, but states that the total award equals only $30,030.30.[1] This award of attorney's fees and costs was based on section 768.79, Florida Statutes (1997). At no point after the jury's verdict did the trial court ever enter a final judgment on the issue of liability. Appellant's timely filed notice of appeal indicated that he was only appealing from the order awarding attorney's fees and costs.
Appellant is precluded from raising his first issue in this appeal. First, the notice of appeal, invoking this court's jurisdiction over this appeal, indicates only that appellant was appealing from the trial court's order awarding attorney's fees and costs, not the trial court's order denying the motion for new trial. Second, even if appellant's notice of appeal had indicated his desire to appeal from the order denying the motion for new trial, the notice would have been premature as to that order since no final judgment has been entered in the case on the issue of liability and an order denying a motion for new trial is neither an appealable final order nor an appealable non-final order. See Maxwell v. Nugget Oil, Inc., 744 So.2d 1203 (Fla. 1st DCA 1999) ("Although an order granting a motion for a new trial is appealable as a final order, an order denying a motion for a new trial is neither appealable as a final order nor as a nonfinal order appealable pursuant to Florida Rule of Appellate Procedure 9.130."). This court has held that premature appeals should be dismissed without prejudice to the appealing party's right to timely file a notice of appeal after the trial court has rendered an appealable final order. See id.; Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995). We, therefore, dismiss the appeal as to this issue.
The appeal, insofar as it is from the order awarding attorney's fees and costs, can proceed, however, despite the lack of a final judgment on the issue of liability because the order awarding attorney's fees and costs appears to be a final judgment which is independently appealable. In Hastings v. Osius, 104 So.2d 21, 22 (Fla. 1958), the supreme court held that an order awarding attorney's fees, which contained the phrase "for which let execution issue," was a final judgment reviewable by appeal rather than by certiorari because it terminated all judicial labor on the issue of attorney's fees in the case. In Kucera v. Kucera, 330 So.2d 36 (Fla. 4th DCA 1975), the fourth district, relying on the supreme court's decision in Hastings, held that an order awarding attorney's fees to an attorney who withdrew, entered during the pendency of a dissolution proceeding, constituted a final judgment subject to plenary appeal. See id. at 37-38. Further, in Ruppel v. Gulf Winds Apartments, Inc., 508 So.2d 534, 535 (Fla. 2d DCA 1987), the second district, relying on the fourth district's decision in Kucera, held that an order awarding attorney's fees pursuant to section 57.105, Florida Statutes, which had been entered prior to final disposition in the case and had been based on a finding that the defendants had filed a frivolous motion to dismiss, was a final order for purposes of an appeal from that order. Based on Hastings, Kucera, and Ruppel, we conclude that this appeal can proceed on the issue of whether the trial court erred in granting attorney's fees and costs to appellee pursuant to the offer of judgment statute.
Appellant correctly contends that the order awarding attorney's fees and costs, pursuant to the offer of judgment statute, must be reversed because such an award requires the entry of a final judgment on the issue of liability, or its equivalent, *762 in order to trigger entitlement under the statute. See § 768.79, Fla. Stat. (1997). Cf. MX Investments, Inc. v. Crawford, 700 So.2d 640, 642 (Fla.1997) (holding that a dismissal with prejudice can trigger a defendant's entitlement to attorney's fees pursuant to § 768.79). In this case, appellee's request for a setoff in the amount of $10,000 technically remains pending. Thus, the amount of appellant's actual recovery has not yet been determined. Without a final determination of the amount of appellant's recovery in this case, the trial court appears to have erred in awarding attorney's fees and costs to appellee pursuant to section 768.79, Florida Statutes (1997). We, therefore, reverse as to appellant's second issue.
ALLEN and VAN NORTWICK, JJ., concur.
NOTES
[1] While arguably this amount may have reflected a setoff of a $2,000 recovery by appellant against the amount of attorney's fees and costs owed by him to appellee, a $2,000 deduction from the amounts sought for attorney's fees and costs still does not equal $30,030.30. It is, therefore, impossible to determine what the total award amount represents.