CORRECTED OPINION

FARMER, J.
After non jury trial began and the court found it unable to finish the trial within the time allotted, the court recessed the case with the understanding that another day would be scheduled as soon as possible. Accordingly, the court sent the parties an order for a “status” conference and warned that failure to attend would result in dismissal, default, or other sanctions. When defendant failed to appear at the conference, the court entered a default. While this appeal from the default was pending he filed a motion for rehearing, alleging a good reason for failure to appear, and we relinquished jurisdiction to hear the motion. The court conducted a hearing on the motion, heard testimony from the defendant himself, and thereupon entered an order essentially finding inconsistencies in his evidence and declining to vacate the default.
The imposition of a default for failure to attend the conference is within the discretion of the trial court, but only upon an explicit finding that the failure to attend was willful. Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990). As the court explained in Tubero:
“it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that the subject order should contain an explicit finding of willful noncompliance.”
569 So.2d at 1273. As required by Tubero, we therefore reverse for failure of the order to contain an explicit finding of willful noncompliance. On remand the trial court is free to dismiss the case for failure of plaintiff to attend the conference, if she be so advised, upon an explicit finding that the failure to attend was willful.
DELL and HAZOURI, JJ., concur.