BENTON, J.
Escambia County appeals a final judgment awarding Earnest Stanberry, Jr., attorney’s fees under section 768.79, Florida Statutes (2001). Among other things, the County argues that a final judgment in the main case is a prerequisite for any fee award to Mr. Stanberry under the statute. We agree and reverse.
Under section 768.79(6), Florida Statutes (2001), entitlement to attorney’s fees arises, if at all, only “after the entry of judgment or after voluntary or involuntary dismissal.” See Saye v. Pieschacon, 750 So.2d 759, 761-62 (Fla. 1st DCA 2000) (“[T]he order awarding attorney’s fees and costs, pursuant to the offer of judgment statute, must be reversed because such an award requires the entry of a final judgment on the issue of liability, or its equivalent, in order to trigger entitlement under the statute.”).
Because final judgment had not been entered in the case which gave rise to the award of attorney’s fees, the fee award was premature at best. Although the jury had returned a verdict and the trial court had entered an interlocutory order requiring remittitur thereafter, the trial court has never entered final judgment in the case in which Mr. Stanberry made the offer of judgment the County refused. See Stanberry v. Escambia County, 813 So.2d 278 (Fla. 1st DCA, 2002) (holding that the order of remittitur was not a final judgment or final order). It is not clear at this juncture in whose favor judgment will ultimately be entered or in what amount.
Reversed.
ALLEN, C.J., and PADOVANO, J., concur.