835 So.2d 1219 (2003)
Bjarne Frydenlund NIELSEN, Appellant,
v.
Pavlo JOANNOU, Appellee.
No. 5D02-1297.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
*1220 Bjarne Frydenlund Nielsen, St. Augustine, pro se.
Nichole S. Pacella of Lawrence J. Bohannon, P.A., Ft. Lauderdale, for Appellee.
COBB, W., Senior Judge.
On October 14, 1999, Pavlo Joannou, plaintiff below, sued the defendant, Bjarne Nielsen for specific performance of a contract to convey certain real property in St. Johns County. The contract for sale and purchase, executed on July 6, 1999, reflects the defendant's signature as seller. At the time the contract was executed the property was owned by the defendant and his mother, Else Nielsen, a resident of Denmark, as joint tenants with right of survivorship. The defendant filed a pro se answer and asserted he had informed the plaintiff that he needed his mother's approval to sell the property. The defendant believed that a power of attorney he had from his mother was insufficient to convey the disputed property.
Because of the defendant's persistent failure to provide discovery information requested by Joannou, the trial court ultimately entered an order on March 4, 2002, purporting to strike the defendant's pleadings and entering a default against him, said order also assessing attorney's fees and costs against him. This order is the subject of the instant appeal.[1]
There is obvious error on the face of the record which, while not clearly enunciated by the defendant, warrants reversal of the March 4, 2002 order. In Commonwealth Federal Savings & Loan Association v. Tubero, 569 So.2d 1271 (Fla. 1990), the supreme court recognized that a trial court has discretion to order a default against a party for that party's failure to comply with discovery requirements. The standard by which such order is reviewed is whether there was an abuse of discretion, with the caveat that the subject order must contain an express finding of willful non-compliance to warrant such extreme sanction. See also Tiller v. Straub Capital Corp., 800 So.2d 364 (Fla. 4th DCA 2001); Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993).
The March 4, 2002 order contains no such finding nor any facts whatsoever from which such a finding could be derived. The order is facially defective and *1221 is patently inadequate to support entry of a default. The order must be reversed and the cause remanded for further proceedings consistent with Tubero.
We observe that there are additional problems which also must be addressed at the trial level prior to any ultimate disposition of this case. At the time the contract was executed, Else Nielsen was a joint owner of the property. Shortly after execution of the contract with Joannou, the defendant, on August 13, 1999, executed a quitclaim deed purporting to convey his interest in the property to Else Nielsen. The quitclaim deed is subject to a pending motion to quash/vacate in the trial court. It would appear that Else's estate is an indispensable party to this litigation. In any event, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] This order, while not disposing of the entire case, assesses attorney's fees and costs "for which let execution issue". Accordingly, the order is appealable as a final order. See Hastings v. Osius, 104 So.2d 21 (Fla.1958); Saye v. Pieschacon, 750 So.2d 759 (Fla. 1st DCA 2000); Ruppel v. Gulf Winds Apartments, Inc., 508 So.2d 534 (Fla. 2d DCA 1987).