Titus STANFIELD

v.

**BROOKSHIRE GROCERY COMPANY
d/b/a/ Super I Foods.**

Civ. A. No. 87–0692.

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 20, 1991.

Edward Larvadain, Jr., Michael Moyse Wahlder, Charles L. Scott, Alexandria, La., for Titus Stanfield.

James R. Madison, Jeffrey W. Weiss, Wiener, Weiss, Madison & Howell, Shreveport, La., for Brookshire Grocery Co.

Charles L. Scott, Alexandria, La., for Edward Larvadain, Jr.

## ORDER

LITTLE, District Judge.

On 25 October 1990 this court dismissed the underlying suit in the case at bar. In that decision the court found that plaintiff Titus Stanfield's complaints against Brookshire Grocery Co. were without merit and sanctioned Edward Larvadain, Jr., attorney for plaintiff, for using degrading language that reached beyond the bounds of permissible advocacy in his post-trial brief. The court ordered attorney Larvadain to pay $400 to the United Way of Central Louisiana and file a receipt of payment within twenty (20) days of 25 October 1990.

Not having received evidence of compliance with the sanction, this court ordered Mr. Larvadain to explain his passive attitude to a directive from this court. The hearing was held on 10 January 1991, nearly three months after the judgment of 25 October 1990. The notice of the hearing specifically provided:

> Counsel is forewarned that the court may impose a sanction of suspension from practice in the Western District.

At the hearing, Mr. Larvadain, who was represented by counsel, testified that he thought the appeal of the October decision on behalf of Titus Stanfield carried with it, albeit implicitly, an appeal of the sanctions solely directed against Mr. Larvadain. He further testified, in effect, that the appeal suspended the money judgment sanction.

The court invited attorney Larvadain to file a brief setting forth legal authorities in support of his position. Mr. Larvadain's counsel, Mr. Charles Scott, subsequently submitted a brief to this court. The seven-page brief contains inaccurate and immaterial matter vilifying the trial judge. The court need not dignify the shabby but bellicose allegations with a response. We must observe, however, that the invective in the brief filed on behalf of Mr. Larvadain does not even pertain to the issue of why he believed that his client's appeal could somehow suspend execution of a sanction rendered against him.

This court, however, notes that numerous decisions have held that "[w]hen an

award of sanctions runs only against the attorney, the attorney is the party in interest and must appeal in his or her own name." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir.1989); *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1254 (7th Cir.1989); *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d Cir.1988); *see also Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 108 S.Ct. 2405, 2406, 101 L.Ed.2d 285 (1988) ("the failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal").

The memorandum filed on Mr. Larvadain's behalf cites us to but one case, viz. *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres*, 87 S.Ct. 1, 17 L.Ed.2d 37 (Harlan, Circuit Justice 1966). This decision, which purportedly is that of the Supreme Court, is in reality solely the in chambers opinion of Justice Harlan concerning an application for a stay of a New York Supreme Court money judgment. The lone opinion of Justice Harlan is a view of one former Justice and does not carry the precedential weight of a United States Supreme Court opinion.

Even if Justice Harlan's opinion mirrored that of the entire court, the *American Manufacturers* case is absolutely irrelevant to the case at bar. Counsel cites the *American Manufacturers* opinion for the proposition that a party may stay execution of a money judgment if he posts a bond in accordance with Rule 62(d) and Rule 73(d) of the Federal Rules of Civil Procedure. *American Manufacturers* does not apply because Mr. Larvadain never even appealed the sanction in the first place, much less posted a bond to support it.

The law does not support the contention by Mr. Larvadain. A fair reading of the language he employed in his first notice of appeal would not indicate an intention of personal appeal.

Titus Stanfield, plaintiff, through counsel, hereby gives notice of appeal to the United States Court of Appeals for the Fifth Circuit of the judgment granting the motion for summary judgment on behalf of defendants, Brookshire Grocery Company d/b/a Super 1 Foods, rendered on October 25, 1990 and entered on October 29, 1990.

Notice of Appeal filed by counsel for plaintiff on 13 November 1990. On 11 January 1991, an amended notice of appeal was filed. There, Mr. Larvadain used the following language:

Titus Stanfield, plaintiff, through counsel, hereby gives notice of appeal to the United States Court of Appeals for the Fifth Circuit of the judgment rendered by the court against plaintiff and on behalf of defendants, Brookshire Grocery Co. d/b/a Super 1 Foods, on October 25, 1990 and entered on October 29, 1990.

Notice of Appeal filed by counsel for plaintiff on 11 January 1991. There is no grist to Mr. Larvadain's position, only gossamer. He has chosen to forego a proper course and to impugn the integrity of this court. Zealous advocacy should not be confused with unbridled disrespect and baseless noncompliance with court directives. Like Icarus, Mr. Larvadain has flown too high. A fall inevitably and properly results.

Accordingly, this court ORDERS attorney Edward Larvadain, Jr. SUSPENDED from practice in the Western District of Louisiana for a period of six months from this date. Further, it is ORDERED that Mr. Larvadain pay the original $400 sanction as ordered and file a receipt of payment with the court within twenty (20) days. Failure to comply may warrant additional sanctions. The court will also cause publication of this Order.