**In re Patrick L. PIERRE, Debtor.**

**Bankruptcy No. 92–13047–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 18, 1995.

Michael J. Frank, Michael Brooks, N. Miami, FL, for debtor.

Robert L. Gossett, Hollywood, FL, Alan Bryce Grossman, Miami, FL, Evan J. Byer,

N. Miami, FL, Patrick C. Barthet, Blackwell & Walker, P.A., Miami, FL, for Broward Title Company.

### MODIFIED ORDER GRANTING MOTION FOR SANCTIONS AGAINST ATTORNEYS MICHAEL J. FRANK AND MICHAEL BROOKS

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court based on two letters written to the Court by Debtor's counsel, with copies to opposing counsel, dated July 31, 1995 and August 2, 1995 respectively, requesting that the Court consider the letters a request for rehearing and/or clarification of this Court's Order Granting Motion for Sanctions (Adv. No. 95–0672, CP # 12), entered July 28, 1995. The Court has treated the letters as a motion to reconsider or modify.

### PROCEDURAL HISTORY

On May 17, 1995, an attorney, on behalf of himself and Broward Title Company, filed an Emergency Motion to intervene and to vacate an order granting motion to avoid liens, based on misrepresentations made by Debtor's counsel, Michael Frank and Michael Brooks, at a May 5, 1995 hearing. (CP # 64). The title company attorney also moved for sanctions.

On May 18, 1995, the Court granted the motion to intervene and entered an order Denying Debtor's Motion to Avoid Liens.[1] (CP # 67). At the hearing, the Court continued the matter on the entry of sanctions. The matter was reset for July 19, 1995. Based on the hearing on July 19, 1995, the Court entered its Order Granting Motion for Sanctions (Adv. No. 95–0672, CP # 12) which is now before the court for reconsideration. Accordingly, having reviewed the file in its entirety and being otherwise duly advised in the premises, the Court hereby enters its Modified Order Granting Motion for Sanctions.

### BACKGROUND

In April of 1991, a judgment was entered against the Debtor, Patrick L. Pierre and in

---

1. The motion to vacate was unnecessary since an order had not yet been entered on Debtor's motion to avoid liens.

favor of Robert L. Welfare and Jacquelyn S. Welfare (the "Welfare judgment"). A certified copy of the judgment was recorded in the Public Records of Dade County, Florida.

On May 15, 1992, the Debtor filed a Chapter 13 petition. Debtor engaged as counsel Michael J. Frank, Esq. and Michael Brooks, Esq. of the Bankruptcy Resource Center in Dade County, Florida. Debtor's Chapter 13 schedules did not include the Welfare judgment. On March 28, 1994, Debtor's case was converted to a Chapter 7.

On August 8, 1994, the Debtor received his discharge in the Chapter 7 proceeding. At no time prior to the entry of discharge were Debtor's schedules amended to include the Welfare judgment.

In April of 1995, Mr. Pierre purchased and sold, in back to back closings, a parcel of real estate located in Dade County, Florida. The Welfare judgment appeared in the title examination conducted, and indicated that the Debtor was the defendant in the Welfare judgment. Mr. Pierre apparently advised the title examiner that he had filed for bankruptcy in 1992 and believed the Welfare judgment was discharged in his bankruptcy.

Mr. Pierre's bankruptcy counsel, Michael Frank, was contacted for confirmation that Mr. Pierre had filed bankruptcy and that the Welfare judgment had been scheduled and discharged. Mr. Frank's office was unable to confirm that the Welfare judgment had been scheduled.

On April 28, 1995, attorney Michael Brooks filed a Motion to Avoid Liens pursuant to § 522(f). From this Motion flows the misconduct by attorneys Frank and Brooks.[2]

### DISCUSSION

Section 522(f) of the Code permits the bankruptcy court to avoid liens on exempt property. At the May 5, 1995 hearing on Mr. Frank's 522(f) motion, Mr. Frank made the following representations to the Court:

> The Court: And was this property listed as homestead?

Mr. Frank: This was after-acquired property, Judge.... This was a lien that's sitting there in the public records prior to the filing of the bankruptcy. They were listed in the bankruptcy. They were then discharged.

. . . .

Because of the fact that this debt is discharged, we have a title examiner who either doesn't understand the law or is giving the client and the attorneys for title a hard time.... So, they need an order stating that the lien was discharged from bankruptcy, that the lien does not attach to any property.

. . . .

The Court: All right. I'm going to enter this order, but I'm going to impose a charge of $1,000 on that gentleman for the services of this Court in entering an unnecessary order.

Mr. Frank: I understand, Judge.... It's hard to teach these title examiners the rules of bankruptcy and how certain things apply and they don't apply and they said, well, if you don't get it, we can't close.

. . . .

I don't know how else to handle it except to sue the title company and not to close.... It is a comfort order, Judge, clearly, but I think he's entitled to it.

. . . .

The Court: ... but they scheduled this judgment—

Mr. Frank: Correct, okay.

The Court: —as a creditor and that, as being properly scheduled, the judgment was discharged and was—

Mr. Frank: And the lien was extinguished.

. . . .

The Court: ... I want you to recite [in the Order] that the title company ... has refused to honor the discharge of that debt and considers it a lien ...

---

2. On May 18, 1995, an adversary proceeding was filed by Debtor's counsel seeking a determination as to the dischargeability of the Welfare judgment. The actions of Mr. Frank and Mr. Brooks in relation to the service of process in this matter shall not be addressed in this Order as it was not formally before the Court.

. . . .

**This demonstrates a complete lack of knowledge and understanding of bankruptcy law and Florida real estate law.**

**Mr. Frank: I understand exactly what you want, Judge, because we shouldn't have to keep doing this.**

Each of the representations made by Mr. Frank to the Court were untrue. The Welfare judgment had not been listed in the Debtor's bankruptcy schedules filed May 15, 1992. Moreover, the judgment was not listed on the Debtor's amended list of liabilities filed July 10, 1992 or on the mailing list attached to the Order of Discharge entered August 15, 1994. Further, the title examiner did understand the law and was acting in accordance with it. The title examiner did not ask for a "comfort order" as represented by Mr. Frank, but had merely requested that the Debtor meet with his bankruptcy counsel to determine if there had been an error made in the documents that were appearing in the public records.

Based on Mr. Frank's misrepresentations to the Court, whether it was mistake, intentional misrepresentation, negligence, gross negligence, or incompetence, the Court entered an order granting Mr. Frank's Motion to Avoid Lien which indicated that the title company attorney and the title company were "incompetent," "mindless," and "lacked expertise." Had the misrepresentations not been timely uncovered and the order not entered, the order would have resulted in the publication of an opinion which indicated that an individual attorney and the company that he represented was incompetent and didn't know what they were doing. It would have wrongly defamed the reputation of an attorney who was on absolutely correct and proper grounds in the position that he was taking on behalf of his client.

Accordingly, it is

**ORDERED:** that

1. The Motion for sanctions against Mr. Frank and Mr. Brooks is GRANTED.

2. The Court concludes that Mr. Frank and Mr. Brooks did not do their homework, resulting in the presentation of incorrect facts to the Court as representations of truth, which almost had severe, adverse ef-

fects on the reputation of another attorney. The Court determines that the Gander Rule should apply, and that since Mr. Frank and Mr. Brooks were so cavalier in their willingness to let such an opinion be published and read by anyone who chose to read it, and the opinion was based on untruths represented to the Court as fact, this Order shall be entered and published to warn the world of the level of competence possessed by Mr. Frank and Mr. Brooks in performing their functions as attorneys in the Bankruptcy Court.

3. In addition to this sanction imposed by the entry of this Order, Mr. Frank and Mr. Brooks are each directed to compensate the title company attorney for his time. He has asked that this sanction be made in the form of a donation to Sheridan House Ministries instead of a fee to him. Accordingly, Mr. Frank and Mr. Brooks are each directed to make a $1,000 donation to Sheridan House Ministries in the name of the attorney they almost defamed.

**DONE and ORDERED.**