SHEPHERD, J.
This is an appeal of a final order granting the State’s Motion for Summary Judgment and imposing discovery sanctions *480 and costs against Roco Tobacco and its attorney. We affirm the lower court on the grant of summary judgment and on the imposition of discovery sanctions under Fla. R. Civ. P. 1.380, but reverse as to the costs awarded sua sponte.
This case arose in September 2000, when Roco Tobacco, an importer of gray market cigarettes, filed a declaratory judgment action against the State challenging an amendment to § 210.185, Fla. Stat. (2000), concerning the importation, distribution and sale of gray market cigarettes in Florida on the basis of federal law preemption. Roco alleged that, depending on how the Florida law was interpreted, it may be precluded from conducting business in the State. Roco also sought preliminary injunctive relief against the application of the statute. In October 2000, after the trial court denied preliminary relief, Roco voluntary ceased its business operations in Florida, apparently because it was unwilling to risk the potential consequences of running afoul of the amended statute. Two months later, in December 2000, Congress passed and the President signed the Tobacco Compliance Act of 2000, as codified in 19 U.S.C. § 1681-1681b, modifying the federal framework for lawfully importing tobacco products and indisputably making it illegal for Roco to continue its business in the way that it had been doing. Although the amendments to the federal law and therefore presumably its arresting effect on companies like Roco were publicly supported by the Attorney General of the State of Florida [1] and many of his colleagues around the country, Roco never advised the court or opposing counsel that it had ceased doing business until August 30, 2001. Furthermore, for reasons not made fully clear to this Court, it did not dismiss the underlying state law challenge.
Thereafter, though the constitutional issue was by then seemingly moot — something that should have been apparent to both sides in December 2000 — the State sought to undertake discovery, including the deposition of Barry Boren, Roco’s general counsel and counsel of record in this action. Without initially informing opposing counsel or the court of its cessation of business, Roco instead filed a motion for protective order against the taking of this deposition, and made it appear to all that the litigation was proceeding full steam ahead.
The motion for protective order was granted in part and denied in part. The order also expressly warned that Roco’s failure to comply with the order “shall result in sanctions authorized by Fla. R. Civ. Pr. (sic) 1.380, including striking of Plaintiffs pleading for relief.” Notwithstanding this warning, the deposition proved contentious and largely fruitless. In addition, Mr. Boren did not bring any documents to the deposition as required by order. The State responded by filing the invited discovery sanctions motion, which was soon followed by a Motion for Summary Judgment.
At a hearing held on both motions in March 2003, the court granted the State’s Motion for Summary Judgment, and summarily awarded attorneys’ fees as a discovery sanction on the Plaintiff in the amount of $9,000 and on Plaintiffs counsel, Boren, in the amount of $1,000 to be paid by him to his favorite charity. The court did not supply a basis for the award, other than to note that the State of Florida requested $12,000, but it figured $10,000 was ade *481 quate. Nor was this award or its basis memorialized in a written order at that time.
Emboldened by this victory, the State soon thereafter sought a further award of fees and costs against Roco, this time under Fla. R. Civ. P. 1.442[2] and § 57.105, Fla. Stat. (2000), arguing that it should not have been litigating a case which had been moot since at least December 2000, when the Tobacco Compliance Act of 2000 became effective. At a hearing held in May 2003, the court denied the Fla. R. Civ. P. 1.442 and § 57.105, Fla. Stat. motion, but inexplicably granted the State a total of $4,400 in “costs,” of which $3,900 was assessed to Roco and $500 to Attorney Boren. This time, a written order was entered embodying the results of both the March 2003 and May 2003 hearings, but again without relating any basis for the fee or cost awards. Roco and its counsel sought a rehearing, which was denied. This appeal followed.
We affirm the final summary judgment in this case. It is apparent from the record that Roco did not seriously defend against the summary judgment motion below, except as necessary to deflect the threat of sanctions. Mendelson v. Oceania Club, Inc., 766 So.2d 1079 (Fla. 3d DCA 2000) (where the underlying foreclosure action was unopposed below, only attorneys’ fees award was appealable).
With respect to the awards of attorneys fees, which were sought under Fla. R. Civ. P. 1.380(b), we review these awards under an abuse of discretion standard. Boca Investors Group, Inc. v. Potash, 832 So.2d 197 (Fla. 3d DCA 2002), (citing Mercer v. Raine, 443 So.2d 944 (Fla.1983)). Fla. R. Civ. P. 1.380(b), under which the State was proceeding at the March 2002 hearing, allows only for an award of “reasonable expenses caused by the failure ” of a party or deponent to obey a court order. Fla. R. Civ. P. 1.380(b) (emphasis added). In this case, Attorney Boren, whom Roco had previously designated in an interrogatory as having discoverable knowledge concerning the company, clearly failed to provide meaningful answers at his deposition, and clearly failed to supply the documents requested. The affidavit supplied by the State in support of its sanctions motion reflects the amount of time invested by counsel to bring about compliance from Roco and its counsel to answer questions per the terms of the order on the protective order motion and to bring the discovery sanctions motion. The number of hours spent on extracting discovery was never contradicted by Roco or its counsel by filing a formal response, nor was it shown to be unreasonable. Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980) (failure to raise an available defense constitutes a waiver for purposes of appeal). Instead, at the March 2003 hearing on the motion for sanctions and attorneys fees, Attorney Boren glibly informed the court that the matter had been moot since December 7, 2000, and, therefore, the motion for discovery sanctions should be denied. While the State should also have been aware of the change in federal legislation mooting the case, and while the State, too, could have streamlined the process by more directly pursuing an earlier dismissal of the case, the lower court was nevertheless within its bounds for awarding attorneys fees as discovery sanctions against Roco and Attorney Boren. Despite the State protracting the inevitable conclusion of this litigation, Roco and Attorney Boren’s conduct, in comparison, *482 was more egregious and therefore, warranting of sanctions. After all, Roco and Attorney Boren could have voluntarily dismissed the suit which had become moot, in December 2000. Instead, they opposed the deposition by filing for a protective order and needlessly asserted the attorney-client privilege on matters that had become legally inconsequential. Because Roco and its counsel took legal positions and actions to be' litigious and, in effect, “invited the State to dance,” they should now be bound by the consequences of those actions. In that light, there was no abuse of discretion in awarding attorneys fees to the State. Accordingly, we affirm the court’s order of attorneys fees under Fla. R. Civ. P. 1.380.[3]
Lastly, we do, however, reverse the award of costs in this case. Having denied the combined Rule 1.442 and § 57.105 motion, there was no basis for further expenditure of judicial effort on these matters at the time. Neumann v. Neumann, 857 So.2d 872 (Fla. 1st DCA 2003) (holding that the court violated former husband’s right to due process and abused its discretion by modifying visitation, where only issue before court was former husband’s motion for contempt and enforcement and neither pleading nor notice of hearing mentioned or requested that visitation schedule be modified). Orders that adjudicate issues not before the court or presented by the pleadings, fail to place the parties on notice and thereby deny fundamental due process. Id.
Affirmed in part and reversed in part, with directions to enter judgment in favor of Roco Tobacco and Barry Boren on the issue of costs.

. The Office of the Attorney General has been counsel of record and lead defense counsel for the State defendants, which includes the Attorney General in his official capacity since the beginning of the case.

. Fla. R. Civ. P. 1.442 is Florida’s "Proposals for Settlement” Rule. The letter the State relies upon as its settlement demand does not remotely meet the requirements of the rule. Nor does the procedure it followed in this regard.

. Although not raised as an issue on appeal, we note that the trial court ordered plaintiff’s counsel, as a sanction, to make a $1,000 charitable contribution to a charity of counsel’s choice. While the issue is not now before us, we question whether Rule 1.380 authorizes such a sanction. See United States v. Johnson, 327 F.3d 554, 563 (7th Cir.2003); Vollmer v. Publishers Clearing House, 248 F.3d 698, 711 n. 11 (7th Cir.2001); Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991); see also Estate of Calloway v. Marvel Entertainment Group, 9 F.3d 237, 241 (2d Cir.1993). But see Stanfield v. Brookshire Grocery Co., 761 F.Supp. 29 (W.D.La.1991); In re Pierre, 190 B.R. 462, 464 (Bankr.S.D.Fla.1995).