# Third District Court of Appeal
## State of Florida

Opinion filed October 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-585
Lower Tribunal No. 18-34772
_____

**Costco Wholesale Corporation, etc.,**
Appellant,

vs.

**Janetth Vargas,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Cooney Trybus Kwavnick Peets, and David Cooney (Fort Lauderdale), for appellant.

Fischer Redavid PLLC, and Terry P. Roberts (Hollywood), for appellee.


Before LOGUE, C.J., and EMAS and LINDSEY, JJ.

LOGUE, C.J.

Costco Wholesale Corporation appeals two trial court orders awarding plaintiff Janetth Vargas attorney's fees and costs. The first order was entered after Costco failed to comply with an earlier order to provide better responses to Vargas' interrogatories. The second order was entered because of the conduct of Costco's attorney and corporate representative at a deposition. Costco argues the trial court abused its discretion in entering these orders. For the reasons stated below, we affirm.

## Background

In 2018, Vargas sued Costco for negligence. She alleged that on September 23, 2017, she fell on a slippery surface at a Costco store located at 7795 West Flagler Street, causing her personal injuries.

A. Interrogatory Dispute

During discovery, Vargas issued an interrogatory to Costco relating to the condition of the location where Vargas fell. Costco objected. Vargas moved to compel. The trial court overruled Costco's objection. Costco then answered the interrogatory by stating, "See objection previously filed."

Vargas moved to compel again and sought attorney's fees. In response, Costco filed the affidavit of a paralegal attesting that the inadequate answer was a result of her oversight. The trial court granted Vargas' motion for fees against Costco "for failing to comply with the prior

2

order" and awarded Vargas $675 in attorney's fees, payable 30 days after the expiration of Costco's time to appeal the order.

B. <u>Deposition Dispute</u>

Also during discovery, Vargas noticed the deposition of Costco's corporate representative. The notice initially designated 77 separate topics, although this number was reduced somewhat after Costco filed a protective order. The deposition, which took place remotely, began with Vargas' counsel asking the representative to identify the documents he had reviewed to prepare for the deposition. Costco's attorney instructed the representative to refrain from disclosing anything the attorney had said or "anything that you and I have exchanged." The representative testified that the only document he had reviewed was one of the trial court's orders.

Vargas' counsel then asked the representative to provide the "factual basis for the affirmative defense that the plaintiff was the sole legal cause of her injuries." The witness began answering the question by reading from a document. When Vargas' counsel interrupted to ask about the document, the witness testified the document had been prepared by Costco's attorney and emailed to him earlier that morning. The document had not been previously identified. It was then marked as an exhibit. The witness testified that he

3

intended to answer at least certain questions by simply reading from the document.

He was then asked again to provide the factual basis for one of the affirmative defenses; he answered by reading from the document; and Costco's attorney interjected to state that the witness had read the wrong answer. Vargas' attorney ultimately terminated the deposition and brought the dispute before the trial court. Vargas sought an award of fees and costs against Costco for the expenses associated with having to cancel the deposition and obtaining the trial court's intervention in the dispute.

In response, Costco maintained that it provided the pre-written answers to the representative, in part, because the document tracked Costco's answers to its interrogatories and it "wouldn't expect the corporate representative to say something different than what the corporation already said."

The trial court ultimately imposed attorney's fees and costs against Costco in the amount of $4,785.90, payable 30 days after the expiration of Costco's time to appeal the order.

## Analysis

### A. Jurisdiction

We have jurisdiction because the orders are final. Fla. R. App. P. 9.030(b)(1)(a). The orders concern a collateral discovery issue and misconduct, and they order a specific amount of money be paid by a date certain. See Saye v. Pieschacon, 750 So. 2d 759, 761 (Fla. 1st DCA 2000) ("The appeal, insofar as it is from the order awarding attorney's fees and costs, can proceed, however, despite the lack of a final judgment on the issue of liability because the order awarding attorney's fees and costs appears to be a final judgment which is independently appealable.").

### B. Standard of Review

This Court reviews the imposition of fees and costs for failure to comply with an order compelling discovery and for misconduct for abuse of discretion. Roco Tobacco (USA), Inc. v. Fla. Div. of Alcoholic Beverages, 934 So. 2d 479, 481 (Fla. 3d DCA 2004); Philip Morris USA Inc. v. Cohen, 340 So. 3d 498, 503 (Fla. 4th DCA 2022). "Reviewing courts apply a 'reasonableness test' to determine if the trial court has abused its discretion, which provides that if reasonable people could differ as to the propriety of the trial court's action, the action is not unreasonable, and no abuse of discretion has occurred." Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004).

5

C. Interrogatory Dispute

Florida Rule of Civil Procedure 1.380(b)(2) states that upon failing to comply with a trial court order compelling discovery, the trial court:

> shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(emphasis added).

After being ordered to provide Vargas with better answers, Costco simply renewed its prior objection that had already been overruled. Costco explains this action as the error of a paralegal rather than the attorney who submitted the answers. We find no abuse of discretion in the trial court declining to accept this explanation. Without belaboring all its problems, we note that Costco does not contest that the attorney's fees at issue were incurred because of Costco's failure to obey the trial court's order. See Herold v. Comput. Components Int'l, Inc., 252 So. 2d 576, 580 (Fla. 4th DCA 1971) ("In the case where a party refuses to answer, a mere failure to comply with an order of the court compelling an answer may result in sanctions under Rule 1.380 and no willful disregard or deliberate intent to disobey is required to be shown.").

D. <u>Deposition Dispute</u>

Costco argues that a corporate representative should be allowed to have a document with relevant information on him or her as the representative may not have personal knowledge of each designation topic. Indeed, a corporate representative does not need to have personal knowledge of the information requested. <u>Sybac Solar, GMBH v. 6th St. Solar Energy Park of Gainesville, LLC</u>, 217 So. 3d 1068, 1071 (Fla. 2d DCA 2017). But there are two problems here: (1) the document that the witness intended to consult during the deposition (indeed to read from) was not disclosed when opposing counsel asked for such documents; and (2) Costco's attorney coached the representative during the opposing counsel's examination to provide only the answers the lawyer had written down for him. <u>See</u> <u>R.J. Reynolds Tobacco Co. v. Morales</u>, 237 So. 3d 1093 (Fla. 3d DCA 2017) (holding the trial court did not depart from essential requirements of law when it entered sanctions for coaching a witness during the other attorney's examination). <u>See also</u> <u>Florida Bar v. James</u>, 329 So. 3d 108 (Fla. 2021) (sanctioning an attorney who texted a witness instructions on how to answer questions during a remote deposition).

These problems are in no way justified by Costco's desire to ensure its representative's answers stayed consistent with Costco's answers to

7

interrogatories. To the contrary, exploring such inconsistencies is one function of a deposition.

For these reasons, we conclude the trial court did not abuse its discretion in imposing fees and costs against Costco for the conduct of its representative and attorney at the corporate representative's deposition.

Affirmed.